Logan, Appellant, vs. City of Two Rivers, Respondent.

*February 4—June 22, 1936.*

For the appellant there were briefs by *Healy & Joyce,* and oral argument by *Kenneth C. Healy* and *John Healy,* all of Manitowoc.

*F. W. Dicke* of Two Rivers, for the respondent.

A brief was also filed by *Robert J. Cunningham* of Janesville, counsel for the League of Wisconsin Municipalities, as *amicus curiæ.*

ROSENBERRY, C. J.   Ch. 263, Laws of 1933, became effective June 20, 1933.   By that act it was provided as to cities under the manager plan as follows:

"Each such city not having a board of police and fire commissioners shall provide for the organization of such a board under the provisions of section 62.13 within thirty days after this subsection takes effect."   Sec. 64.10 (2), Stats.

Instead of complying with the provisions of this section, the common council of the defendant city passed an ordinance to the effect that it elected not to be governed by the provisions of ch. 263, Laws of 1933, and that said amendment was not in force and effect in the defendant city, and that the defendant city elected to be governed by sec. 64.10 (2), Stats., as it existed before the passage of ch. 263.   The defendant city claims the right to disregard the provisions of ch. 263 on the ground that under the provisions of sec. 3, art. XI, of the constitution, it has a right to determine its local affairs and government—

"subject only to this constitution and to such enactments of the legislature of state-wide concern as shall with uniformity affect every city or every village."

While the city manager assumed to act "as the board of police and fire commissioners" and the defendant city attempted to justify the discharge on the ground that he was a *de facto* board of police and fire commissioners, it is considered that that contention is entirely untenable. The board of police and fire commissioners consists of five citizens, three of whom shall constitute a quorum. They are appointed by the mayor and must be of different political parties. It would seem to require no argument to show that the city manager could not qualify as a board of police and fire commissioners.

On behalf of the plaintiff it is argued that if the city manager was exercising the powers of a board of police and fire commissioners, his discharge of the plaintiff was unwarranted because he found him not guilty on the counts lodged against him. However, if in conducting the proceedings he was exercising a power which he did not possess, any act that he did pursuant thereto was a nullity. For this reason we address ourselves to the question of what effect, if any, the enactment of ch. 263, Laws of 1933, had upon the power of the city manager—

"to remove such appointees at any time their services or the conduct of their offices become unsatisfactory to him." Sec. 64.11 (3), Stats.

If the failure of the defendant city to create a board of police and fire commissioners left with the city manager the power to discharge appointees when unsatisfactory to him, the effect of his act must be determined accordingly. If, however, his power in that regard is modified by the language added,—

"Provided, that this subsection shall not be construed as depriving the board of fire and police commissioners of any city of all the powers conferred by section 62.13,"—

then he was without power to discharge the plaintiff even though the plaintiff became unsatisfactory to him. The pro-

visions of ch. 263 are clearly mandatory. The failure of the common council to comply with the statute cannot be held to vest any power to discharge in the city manager. The failure of the common council to provide for the organization of a board of police and fire commissioners within thirty days from the effective date of the act suspended the power of removal which is lodged in the board. It cannot be exercised because no board has been provided. The failure to provide for the board does not add to the powers of the city manager under the statute. If the statute is valid, the act of the city manager in attempting to discharge the plaintiff was without validity and not effective.

The defendant city contends that ch. 263, Laws of 1933, is invalid because the manner in which its police officers shall be chosen and how they shall be discharged is a local affair and not a matter of state-wide concern affecting with uniformity every city and every village; that the power to choose and discharge members of the police and fire departments is vested in the city by the home-rule amendment, and as a consequence the legislature had no power to legislate in regard to that matter, and ch. 263 is unconstitutional.

The case of *Van Gilder v. Madison, ante,* p. 58, 267 N. W. 25, 268 N. W. 108, was argued on the assignment following the assignment on which this case was argued. Because the same fundamental considerations were involved, decision was withheld in this case until the *Van Gilder Case* could be presented and heard. In the consideration of that case we have considered briefs of counsel in this case including counsel for the League of Wisconsin Municipalities. The question presented in the *Van Gilder Case* is narrower than the question presented in this case, for the reason that the city of Madison attempted to limit the provisions of sec. 62.13, Stats., in one particular, to wit, doing away with the recommendation of the board of police and fire commissioners before the common council could act to reduce the

salaries of policemen and firemen, whereas the defendant in this case refused to comply with the statute requiring it to provide for the organization of a board of police and fire commissioners, and so attempted to escape the provisions of sec. 62.13 in its entirety. If we dealt with the question in this case we would still be required to deal with it in the *Van Gilder Case* because narrower issue would involve more extended treatment. The whole matter was considered in the *Van Gilder Case* and the opinion in that case is incorporated herein by reference.

As a result of our holding in that case, it is apparent that ch. 263, Laws of 1933, dealt with a matter which is primarily of state-wide concern, and as to which the city has no power to deal under the home-rule amendment. It is held that the charter ordinance adopted by the city was ineffectual; that ch. 263 is a valid law applicable to the defendant city; and that the plaintiff is entitled to recover in accordance with the prayer of his complaint.

*By the Court.*—The judgment appealed from is reversed, and cause remanded with directions to the trial court to enter judgment as indicated in the opinion.

A motion for a rehearing was denied, with $25 costs, on June 22, 1936.