CITY OF FRANKFORT *v.* EASTERLY.

[No. 27,810.   Filed March 1, 1943.   Rehearing denied March 23, 1943.]

*Robert C. Starr* and *Harker & Irwin*, all of Frankfort, and *Elliott & Fell*, of Kokomo, for appellant.

*Robert K. Ryan* and *Robison & Robison*, all of Frankfort, and *McClure & Shenk*, of Kokomo, for appellee.

SHAKE, J.—The appellee sued the City of Frankfort for loss of salary resulting from his alleged wrongful discharge as a policeman. The trial court made a special finding of facts, stated conclusions of law favorable to the appellee, and rendered judgment against the appellant for $3,000. Errors are assigned on the overruling of a demurrer to the complaint for want of facts, exceptions to the conclusions of law, and the overruling of a motion for a new trial. By the motion

for a new trial the appellant asserted that the decision was not sustained by sufficient evidence; that it was contrary to law; and that there was error in the admission of certain evidence.

Any error in overruling the demurrer to the complaint was harmless since correct conclusions of law on the facts found would reach the same legal result as a correct ruling on the demurrer. See *Swarthout* v. *McDonald Mortgage and Realty Co.* (1936), 102 Ind. App. 298, 199 N. E. 467, and cases there cited.

The appellant's first and major contention is that its police department was subject to the Metropolitan Police Board Act (Acts 1897, ch. 59, § 1, p. 90; Acts 1901, ch. 18, § 1, p. 24; Acts 1909, ch. 56, § 1, p. 151; § 48-6301, Burns' 1933; § 11495, Baldwin's 1934), rather than the Public Works Act (Acts 1905, ch. 129, § 160, p. 219; Acts 1933, ch. 86, § 1, p. 577; § 48-6105, Burns' 1933; § 11478, Baldwin's 1934); that the city never complied with the first mentioned act by establishing a metropolitan police board; and that, as a consequence, the appellee was merely a contract employee subject to discharge at will and without a hearing.

The acts referred to constitute the only statutory authority under which the City of Frankfort may employ or remove policemen. It is unnecessary to determine which act is applicable since they are substantially alike, insofar as they relate to tenure rights and grounds and procedure for removal. The Metropolitan Police Board Act provides that all persons appointed to a police force thereunder shall serve *during good behavior,* but may be removed by the commissioners for cause assigned, on a public hearing, on notice. § 48-6302, Burns' 1933, § 11509, Baldwin's 1934. The Public Works Act, in force at the time of appellee's alleged discharge, like-

wise provided that members of a police force appointed thereunder should hold office *until removed for cause,* after notice and a hearing, if demanded. § 48-6105, Burns' 1933, § 11478, Baldwin's 1934.

The parties stipulated and the trial court found that the appellee served as a member of the police force of the City of Frankfort, from October 14, 1929, until December 31, 1934. He claims that he was wrongfully discharged on the last mentioned date. Prior to his alleged discharge the appellee had, therefore, acquired tenure rights, under whichever statute was applicable, and the city could not convert his employment into one at sufferance by its failure to set up the appropriate administrative agency. If the city was subject to the Metropolitan Police Board Act, as it claims, and it had no such board, the appellee was protected against discharge until a board with authority to discharge him was duly constituted. The appellee's rights could not be thwarted by the city's dereliction of duty.

The trial court also found that on December 31, 1934, the acting chief of police advised the appellee that he had been discharged, and that on January 1, 1935, another person was appointed to serve in his place and stead by the Board of Public Works and Safety. No charges for the removal of the appellee were ever preferred and no record of his dismissal entered by any board assuming to act for or on behalf of the city.

This case is the same in all material respects as *City of Evansville* v. *Maddox* (1940), 217 Ind. 39, 25 N. E. (2d) 321. In that case a policewoman who had acquired tenure rights was discharged by the chief of police, although no charges had been filed against her and no order for her dismissal was entered by the board. This court held that the subsequent appointment of another

person to the same position by the board constituted a recognition and approval of the action of the chief of police. A judgment in damages for breach of contract was sustained.

One paragraph of the appellant's answer charged that the appellee ceased to perform services for the city in January, 1930; that he did not commence his suit until March 24, 1937; and that his action was therefore barred by laches. It is undisputed that the appellee served as a policeman until January 1, 1935. There was also evidence that the chief of police advised the appellee that he need not report back for work as another man had been employed in his place, and that if he did not surrender his equipment the same would be replevied. Another policeman who was discharged at the same time and under the same circumstances reported for work each day for fifteen (15) days to no avail. The obligation was on the appellant to establish its answer, and the failure of the trial court to find that the burden had been sustained amounted to an adverse determination of that issue. We cannot say that this was contrary to law. The defense of laches is peculiar to courts of equity and is not applicable to an action at law. In point of time, the only bar to the appellee's action was the statute of limitations. 30 C. J. S., Equity, § 113.

What we have said is an answer to all the propositions presented by the appellant's brief.

The judgment is affirmed.

NOTE.—Reported in 46 N. E. (2d) 817.

ON PETITION FOR A REHEARING.

SHAKE, J.—By petition for a rehearing the appellant insists that we did not pass upon its proposition

to the effect that there was no evidence that the appellee was wrongfully discharged. We thought we had sufficiently covered that subject.

The appellant attempts to distinguish the case at bar from that of the *City of Evansville* v. *Maddox* (1940), 217 Ind. 39, 25 N. E. (2d) 321, cited in the original opinion. The facts in the Maddox case were that a policewoman, detailed to the Department of Health and Charities, was discharged by the chief of police, without any charge, notice or hearing. In passing upon the sufficiency of the complaint this court said at pp. 46 and 47:

> "While the chief of police is not authorized by statute to make appointments and discharge members of the police force, he does have control of and authority to direct the employees of that force. The complaint further discloses that, upon the dismissal of the appellee, the mayor with approval of the Board of Public Works and Safety appointed another person to that position, thereby recognizing appellee's discharge and approving the action of the chief of police."

In this case, it appears that the appellee was one of several policemen discharged by the acting chief under circumstances not unlike those in the Maddox case. Promptly thereafter the Board of Public Works and Safety enlarged the size of the force and appointed more policemen than had been discharged. No one was specifically named as successor to the appellee. The appellant urges that these facts, as to which there is no dispute, are insufficient to show that the place previously occupied by the appellee was filled. It says in its brief: "Since the force was increased, there was no possible basis for any implication that any of the new policemen took the place of appel-

lee." We cannot follow this reasoning. If the size of the force had been decreased, there might be some merit in the contention that the position previously occupied by the appellee had been left vacant. Manifestly, however, all existing vacancies were filled when the board appointed more new policemen than had been discharged. The evidence was sufficient to establish the appellee's wrongful discharge and the appointment of another to take his place.

What we said in the principal opinion on the subject of laches applies with equal force to the appellant's claim that there was a voluntary abandonment of his employment by the appellee.

Finally, it is asserted, by way of argument, that an affirmance of the judgment will require the city to discharge four policemen now employed and subject it to further liabilities. We cannot be persuaded by any such considerations. The responsible officials of the city ought to have given some thought to the consequences of their acts before they assumed to ignore the law.

The petition for a rehearing is denied.

NOTE.—Reported in 46 N. E. (2d) 817.