KENNETH SIMPSON, APPELLEE, v. CITY OF GRAND ISLAND, A MUNICIPAL CORPORATION, ET AL., APPELLANTS.

89 N. W. 2d 117

Filed April 4, 1958. No. 34339.

*Carl E. Willard,* for appellants.

*Wellensiek & Weaver,* for appellee.

*Bernard S. Gradwohl* and *John M. Gradwohl,* amici curiae.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an appeal from a judgment of the district court holding that Chapter 19, article 18, R. R. S. 1943, as amended by Laws 1957, chapter 48, page 228, involves a matter of state-wide concern and therefore is applicable to the city of Grand Island, a home rule charter city. The trial court further held that the plaintiff in error was improperly discharged from the police department of the city under the terms of the act and that he was entitled to a position in such department from and after the abolishment of the position he held on April 9, 1957. The city of Grand Island has appealed.

For convenience we shall refer to the appellee as the plaintiff, and the appellant, city of Grand Island, as the defendant.

On May 3, 1956, plaintiff was appointed to the position of assistant chief of police in the police department of the defendant. On April 9, 1957, the city council, by an ordinance properly enacted, abolished the position of assistant chief of police. Plaintiff was notified of the abolishment of his position. He was paid until April 15, 1957. His services in the police department were treated as terminated as of that date. On April 16, 1957, plaintiff asserted in writing to the city council that he had been improperly deprived of his civil service rights under the provisions of Chapter 19, article 18, R. R. S. 1943, as amended by Laws 1957, chapter 48, page 228, which we shall hereafter refer to as the civil service act, and demanded of the city council of the defendant that it take action to protect such rights. The city council took no decisive action and, for all practical purposes, denied plaintiff's claim. The plaintiff sought a review of the action of the city council by a proceeding in error to the district court. The defendant contends that the proceeding in the district court was a

purported appeal from the action of the city council or an original action, neither of which is authorized by law. Before discussing the nature of the proceeding it is necessary to refer to certain provisions of the act before us.

The part of the 1957 amendments to the civil service act with which we are here concerned became effective on April 1, 1957. It created a civil service commission whose duties were described in the act. Among those duties is one which requires the commission to determine the civil service rights of members of the police department. From an order determining such rights, a party interested was given a right of appeal to the district court. The city council had not appointed such a commission or taken any steps to bring the city within the civil service act when plaintiff's claim was presented to it. There was no provision for an appeal in such a situation as the city council then had before it. In such a situation the only method of obtaining a review of the action of the city council was by petition in error. This court has consistently held that where no statutory right of review has been provided, proceedings in error afford the only remedy. From v. Sutton, 156 Neb. 411, 56 N. W. 2d 441; Jungman v. Coolidge, 157 Neb. 122, 58 N. W. 2d 828. It seems clear that the only remedy available to plaintiff was by a proceeding in error to the district court. This is in accord with the provisions of sections 25-1901 and 25-1903, R. R. S. 1943, as interpreted by this court in Roberts v. City of Mitchell, 131 Neb. 672, 269 N. W. 515.

The contention of the defendant that the proceeding was not on error does not appear to have merit. The instrument filed in the district court was denominated a petition in error. It pointed out that the city council had refused to establish a civil service commission, or to put the civil service act into effect. It asserted that the city council by its nonaction in refusing to put the act in effect had deprived the plaintiff of the benefits

of that act, including his service rights based on qualifications and length of service. The petition in error alleged that the city council was in error in not granting to him the benefits of the civil service statute. We think the petition in error was what it purported to be and properly raised the errors of law of the city council in refusing to give any consideration to the rights allegedly due plaintiff under the civil service act. It was not an appeal or the institution of an original action, nor did it purport to be such.

The defendant contends that the civil service act is not applicable to the city of Grand Island because of its status as a home rule charter city. The act provides that it shall apply to every city in the state having a population of more than 5,000 inhabitants and having a full paid fire or police department, except that it shall not apply to cities with a population in excess of 40,000 which have adopted or will hereafter adopt a home rule charter. Whether or not the civil service act is applicable to Grand Island, a city admittedly having a population of less than 40,000 and more than 5,000, is dependent upon whether or not the act is of state-wide or local concern. The act deals solely with employees in paid fire and police departments. The rule is stated in Axberg v. City of Lincoln, 141 Neb. 55, 2 N. W. 2d 613, 141 A. L. R. 894, a case involving the question as to whether or not a general statute relating to pensions for superannuated and disabled firemen was of state-wide or local concern. In holding that such pensions were of state-wide concern and applicable to home rule charter cities, this court announced the following rule: "The preservation of order, the enforcement of law, the protection of life and property, and the suppression of crime are attributes of state sovereignty and matters of state-wide concern, and when the legislature enacts a general law upon any of these subjects with respect to cities of a particular class, such law applies to all cities of the class, including home rule cities." A statute pro-

viding a form of civil service in cities of a designated class for paid police departments pertains to the enforcement of law and the suppression of crime, and are clearly of state-wide concern under the holdings of this court. See, State ex rel. Herman v. City of Grand Island, 145 Neb. 150, 15 N. W. 2d 341; Michelson v. City of Grand Island, 154 Neb. 654, 48 N. W. 2d 769, 26 A. L. R. 2d 1346; Nagle v. City of Grand Island, 144 Neb. 67, 12 N. W. 2d 540; McMaster v Wilkinson, 145 Neb. 39, 15 N. W. 2d 348, 155 A. L. R. 667; Omaha Parking Authority v. City of Omaha, 163 Neb. 97, 77 N. W. 2d 862. As a result of our holdings in these cases it is apparent that the civil service act before us dealt with a matter of state-wide concern, to wit, the maintenance of law and order. It is therefore superior to provisions of a home rule charter in conflict therewith.

The record shows that the position designated as assistant chief of police was abolished by a properly enacted city ordinance. A municipality may in good faith abolish a position because of financial necessity or reasons of sound business management. Wood v. Loveless, 244 Iowa 919, 58 N. W. 2d 368. There is, of course, a presumption that legislative bodies of governmental subdivisions act in good faith. There is no evidence that the city council acted otherwise in the present case. The action of the city council in abolishing the position of assistant chief of police was therefore a proper exercise of its powers.

It is provided by section 3 of the 1957 amendments to the civil service act as follows: "The classified civil service and the provisions of this act shall include all full paid employees of the fire or police department of each city coming within its purview, including the chief of that department. All appointments to and promotions in such departments shall be made solely on merit, efficiency, and fitness, which shall be ascertained by open competitive examination and impartial investigation. No person shall be reinstated in or transferred, sus-

pended, or discharged from any such place, position, or employment contrary to the provisions of this act." Other provisions of the act detail the methods by which the civil service employees within the scope of the act may assert their rights under it. While such rights are not property rights in the usual sense, they are rights which are entitled to the protection of the law. State ex rel. Spurck v. Civil Service Board, 226 Minn. 240, 32 N. W. 2d 574.

The record shows that the civil service act here questioned became effective for all purposes on April 1, 1957. The rights of plaintiff under the act accrued as of that date by the terms of the act itself. Plaintiff's pay was terminated as of April 15, 1957, and, while not entitled to continue thereafter as assistant chief of police, he could not properly be discharged from the police department except in the manner provided in the act. No attempt was made to comply with the provisions of the act in this respect, and consequently he remains an employee of the police department. The failure of the city council to comply with the statute cannot be held to vest any authority in the city to discharge a member of the police department in a manner contrary to the provisions of the act. The failure of the city council to provide a civil service commission under the terms of the civil service act had the effect of suspending the power of discharge which is lodged solely in the commission by the act. The power of discharge cannot be exercised because the city has failed to establish the commission to which the power of discharge was delegated by the Legislature. Logan v. City of Two Rivers, 222 Wis. 89, 267 N. W. 36. The plaintiff does not lose his civil service rights under the act because the city fails to take the steps to make the act effective. The statutes may not be circumvented in any such manner. We hold therefore that plaintiff's purported discharge from the police department was without validity and noneffective.

The plaintiff has cross-appealed, contending that the district court should have determined the position and wage scale to which he was entitled after his position of assistant chief of police was abolished. The record contains a roster of employees in the police department which shows the rank, compensation, time of employment, and dates of promotions. The only evidence in the record is that plaintiff is a highly qualified police officer, who had served in excess of the minimum of 6 months required by the act. He was therefore entitled to the benefits of the act.

By section 6 of the 1957 amendments to the act it is provided in part: "No person in the classified civil service, who shall have been permanently appointed or inducted into civil service under the provisions of this act, shall be removed, suspended, demoted, or discharged except for cause and then only upon the written accusation of the appointing power or any citizen or taxpayer. * * * Any person so removed, suspended, demoted, or discharged may, within ten days from the time of his removal, suspension, demotion, or discharge, file with the commission a written demand for an investigation, whereupon the commission shall conduct such investigation. * * * If it shall find that the removal, suspension, or demotion was made for political or religious reasons or was not made in good faith for cause, order the immediate reinstatement or re-employment of such person in the office, place, position, or employment from which such person was removed, suspended, demoted, or discharged, which reinstatement shall, if the commission in its discretion so provides, be retroactive and entitle such person to pay or compensation from the time of such removal, suspension, demotion, or discharge. * * * If such judgment or order be concurred in by the commission or a majority thereof, the accused may appeal therefrom to the district court."

The civil service act is remedial in character. It invests employees included within its scope with rights

which they did not theretofore possess. It provides the procedure by which such rights are to be enforced. The act is mandatory upon all cities within its scope and imposes a duty to appoint members to the civil service commission thus created. The remedy available to the plaintiff for the enforcement of his civil service rights is contained in the act itself. The controlling rule is: "If an affirmative statute, which is introductory of a new law, direct a thing to be done in a certain manner, that thing shall not, even though there are no negative words, be done in any other manner, the mode prescribed by statute for the exercise of a power, must be adopted. In some cases, a strict, and even literal, compliance is required. This is particularly true in regard to enactments modifying the course of the common law." Vore v. State, 158 Neb. 222, 63 N. W. 2d 141. See, also, 50 Am. Jur., Statutes, § 19, p. 40.

The judgment of the district court found that the civil service act was applicable to the city of Grand Island and that plaintiff was not discharged from the police department of the city under the provisions of the civil service statute. This disposed of all issues properly raised by the petition in error. Since the position of assistant chief of police was properly abolished by the city council, the plaintiff cannot be returned to that position. The act contemplates that the civil service commission shall determine in the first instance the position to which he was entitled when the position he occupied was abolished. The city council has no power to do so. The district court on petition in error, in determining the correctness of the quasi-judicial acts of the city council, cannot make an order on the merits of the case which is beyond the powers of the tribunal to make, from which the petition in error emanated. We do not think there is merit in the error assigned by the cross-appeal.

The trial court having entered judgment in accordance

with the holdings of this opinion, the judgment of the district court is affirmed.

AFFIRMED.