EDITH DLOUHY, APPELLANT, V. CITY OF FREMONT, A MUNICIPAL CORPORATION, ET AL., APPELLEES.

120 N. W. 2d 590

Filed March 29, 1963. No. 35371.

Richards, Yost & Schafersman, for appellant.

Lyle B. Gill and Spear, Lamme & Simmons, for appellees.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BOSLAUGH, J.

This is a proceeding in error commenced by Edith Dlouhy against the city of Fremont, Nebraska, the mayor, and members of the city council. Upon the motion of the trial court, the civil service commission of the city of Fremont, Nebraska, was made an additional party defendant.

The petition in error alleged that the plaintiff was employed as a desk clerk in the police department of the city of Fremont, Nebraska, on December 1, 1961, and for more than 1 year prior thereto; that on November 20, 1961, the chief of police caused to be served upon the plaintiff a notice of termination of employement; that on December 1, 1961, the plaintiff reported for work at the police station but was refused the right to work by the chief of police; that on December 6, 1961, the plaintiff served a notice upon the chairman of the civil service commission of the city of Fremont, Nebraska, requesting a public hearing and investigation under section 19-1808, R. R. S. 1943; that on December 6, 1961, the plaintiff also served a written demand upon the mayor and city clerk of the city of Fremont that she be reinstated to her duties and to pay for time lost; that on December 12, 1961, at a regular meeting of the city council, the council voted to ignore the plaintiff's demand; and that on December 13, 1961, the civil service commission refused to take jurisdiction of the matter and refused to grant the plaintiff a public hearing or investigation. There are other allegations in the petition but they are not important to the disposition of this case. A transcript of the proceedings of the city council,

containing a copy of the written demand of the plaintiff and the minutes of the meeting of the city council on December 12, 1961, relating to the plaintiff's demand, was filed with the petition.

The defendants, by various pleadings, alleged that the petition failed to state a cause of action. After a hearing upon the merits, the trial court found that the Civil Service Act was not applicable to the employment of the plaintiff and dismissed the action. The plaintiff's motion for new trial was overruled and she has appealed.

The principal issue in this case is whether the plaintiff has any rights under the Civil Service Act. It is a mixed question of fact and law. The plaintiff contends that she was a member of the police department and could not be discharged except for cause. The defendants contend that the plaintiff was a clerical employee and that the Civil Service Act is not applicable to such employment.

The Civil Service Act, sections 19-1801 to 19-1823, R. R. S. 1943, is applicable to "all full-paid employees of the fire or police department" of certain cities who "devote their whole time to firefighting or law enforcement." §§ 19-1803, 19-1823, R. R. S. 1943. The act regulates the hiring and discharge of such employees. It prohibits the discharge of employees for political or religious reasons but provides that employees may be discharged for cause. It does not designate who shall have the authority to hire and discharge employees, but it regulates the exercise of that authority by the proper officials.

The Civil Service Act provides for the appointment of a civil service commission in each city where the act is applicable. One of the duties of the commission is to determine the civil service rights of the members of the police department. Simpson v. City of Grand Island, 166 Neb. 393, 89 N. W. 2d 117. Discharged employees who allege that they were discharged in violation of the law may file a written demand for a public hear-

ing before the civil service commission. § 19-1808, R. R. S. 1943.

There is no contention made in this case that the city failed to comply with the provisions of the Civil Service Act relating to the appointment of a civil service commission. The plaintiff alleged that she requested a hearing before the civil service commission but that the commission refused her request. The act further provides that a discharged employee may appeal to the district court from the action of the civil service commission. § 19-1808, R. R. S. 1943. The plaintiff, however, did not pursue that remedy.

In Simpson v. City of Grand Island, *supra*, this court suggested that the remedy provided by the Civil Service Act for the enforcement of civil service rights is exclusive. It is unnecessary for us to decide that question in this case. However, it must be determined whether the remedy selected by the plaintiff in this case was a proper one.

The Civil Service Act contains no provision which authorizes a city council to determine the civil service rights of a discharged employee. The plaintiff has cited no authority which suggests that a city council has authority to determine such rights. We conclude that the city council in this case had no authority to determine the civil service rights of the plaintiff. Consequently, the council had a right to refuse the plaintiff's demand that she be reinstated to her duties and for pay for all time lost.

The purpose of a proceeding in error in the district court brought to review the proceedings of an inferior tribunal is to determine whether the final order of the inferior tribunal is in accordance with law. The determination as to whether errors of law occurred in the proceedings before the tribunal must be made from the record of the proceedings before the tribunal. The record of the proceedings before the tribunal is the transcript of the proceedings that must be filed in the dis-

trict court with the petition in error. § 25-1905, R. R. S. 1943; Dovel v. School Dist. No. 23, 166 Neb. 548, 90 N. W. 2d 58.

Where evidence is required to establish an error of law by an inferior tribunal, it must be presented in the district court by a bill of exceptions. New evidence may not be introduced in the district court to show that errors of law occurred in the proceedings before the tribunal. Dovel v. School Dist. No. 23, *supra*.

The record presented to the district court in this case consisted of the plaintiff's demand and the action of the city council in regard to it. The city council had no authority to determine the civil service rights of the plaintiff. Therefore, the action of the city council in refusing to grant the plaintiff's demand was proper. The record failed to show a final order of an inferior tribunal that was not in accordance with law. The petition in error was properly dismissed.

The judgment of the district court is correct and it is affirmed.

AFFIRMED.