In re Kent Wachtel.
Kent Wachtel, appellant, v. Fremont Civil Service
Commission et al., appellees.
206 N. W. 2d 56
Filed April 6, 1973. No. 38534.

Sidner, Svoboda, Schilke & Wiseman, for appellant.

Ray C. Simmons and Lyle B. Gill, for appellees.

Heard before White, C. J., Spencer, Boslaugh, Smith, McCown, Newton, and Clinton, JJ.

White, C. J.

This is an error proceeding commenced in the District Court by the petitioner, Kent Wachtel, to determine the validity of his discharge from the Fremont police department. The District Court dismissed the error proceeding, holding that the discharge by the Civil Service Commission was valid, and we affirm the judgment of the District Court.

The petitioner was a regular police officer employed by the police department of the City of Fremont since August 1969. The procedure regulating his discharge is governed by sections 19-1801 to 19-1823, R. R. S. 1943 (the Nebraska Civil Service Act). Pursuant to these statutes, on June 29, 1971, the city council of Fremont

passed a motion to the effect that the petitioner should be discharged from the police force because of "his inattention to duty, for insubordination, and for the commission of acts tending to injure the public service." A copy of this motion, passed by the city council, was served upon the petitioner under the terms of the applicable statutes and a duplicate was filed with the Civil Service Commission of the City of Fremont.

Subsequent to the service of the copy of the motion, the petitioner then filed a written request with the Civil Service Commission of Fremont, asking it to declare that the procedure followed by the city council in discharging him was not in accordance with law and alleging that it failed to serve him with a written accusation prior to the filing of the copy of the motion declaring that he should be discharged, as set out above. In the alternative, the petitioner requested the Civil Service Commission to conduct an investigation and have a public hearing as to the reasons for his discharge. Pursuant to the provisions of the statute, the commission did hold a public hearing and witnesses were called for both sides and both parties appeared. The commission, after a full review of the evidence, determined that the actions of the city council were valid; that the discharge was not made for political or religious reasons; and that it was made in good faith for cause, and discharged the petitioner. It is with some difficulty that we follow the petitioner's argument on appeal in this case. We clarify his contention by stating that the petitioner is, in effect, seeking two hearings on his discharge, one before the city council and another before the Civil Service Commission. In this error proceeding he asserts that the proceedings in the city council were in violation of section 19-1808, R. R. S. 1943, because of failure to serve a written accusation upon him prior to the filing of the motion and the service thereon stating that he should be discharged. The District Court rejected this contention, and we agree. As we see it,

the provisions of section 19-1808, R. R. S. 1943, were literally and completely complied with. The section provides, inter alia, that "no person in the classified civil service * * * shall be removed, suspended, demoted, or discharged except for cause and then only upon the written accusation of the appointing power or any citizen or taxpayer. A written statement of such accusation, in general terms, shall be served upon the accused and a duplicate filed with the commission." Despite the fact that the record shows the passing of a motion by the city council and its service upon the petitioner and its filing with the commission, the petitioner seems to contend that his discharge occurred at the time the city council passed the motion to discharge, and therefore since at that time no written statement of the accusation had been served upon him, its action was a nullity; that the commission's subsequent action was a nullity; and that he therefore should be entitled to reinstatement and reimbursement for lost wages.

Apparently, the petitioner misconceives the terms of the statute and our holding in Simpson v. City of Grand Island, 166 Neb. 393, 89 N. W. 2d 117. The scheme of the statute is plainly stated by its terms. The original determination to discharge is made by the city council with the power to review and make a *final* determination of discharge in the Civil Service Commission. The Simpson case does not hold otherwise. In the Simpson case the city had failed to provide a civil service commission under the terms of the civil service act. Consequently, it was apparent, as the Simpson case held, that the discharge could not be final and effective since, under the terms of the act, the final determination of discharge is lodged solely in the commission. In the Simpson case, we held: "The * * * (final) discharge cannot be exercised because the city has failed to establish the commission to which the power of (final) discharge was delegated by the Legislature." At the risk of belaboring the obvious, the pre-

cise terms of the statute and the Simpson case make it clear that the final determination of discharge, in the event the employee appeals, is in the Civil Service Commission. The statute makes no provision for a hearing before the original determination of discharge is made by the city council. The procedure outlined in the statute makes it clear that the petitioner was entitled to service of the copy of the action or accusation of the city council and a public hearing thereon by the Civil Service Commission before a final adjudication of discharge could be made. It does not provide, either by its express terms or by implication, for two hearings, two notices, and two decisions. By its terms, the statute provides from whom the "written accusation" shall originate. The action by the city council on June 29, 1971, was the formulation and promulgation of the required "written accusation" provided by the statute. The written accusation to initiate the proceedings must originate at some point, and to assert that a notice must be served before an original accusation is made is on its face an absurdity.

Summarizing, the statute itself provides, and our holding in Simpson v. City of Grand Island, *supra,* clearly decides that the final determination of discharge is lodged in the Fremont Civil Service Commission. No contention is made, nor could one be made, that the written accusation prepared by the city council was not served upon the petitioner, and that hearing with full opportunity to be heard was not had before the commission.

We come to the conclusion that the petitioner is not entitled to two hearings or two services of notice; that the procedure followed in the case at bar was in complete and literal compliance with the statute; that a full hearing was had; and that the determination by the Fremont Civil Service Commission effectively and finally discharged the petitioner. The petition in error was properly dismissed.

The judgment of the District Court in dismissing the error proceeding is correct and is hereby affirmed.

AFFIRMED.