JOSEPH B. GRENCHIK, GERALD HALUSKA, PAUL SINAL, THOMAS JUSTAK, AND CITY OF WHITING, INDIANA *v.* THE STATE OF INDIANA ON RELATION OF MICHAEL PAVLO AND JOHN HATCZEL

[No. 3-976A204. Filed March 7, 1978.]

*C. Jerome Smith*, of Hammond, *Gerald Haluska*, of Whiting, for appellants.

*Hilbert L. Bradley*, of Gary, for appellees.

STATON, P.J. — Officials of the City of Whiting bring this appeal from the portion of a trial court's order which reinstated two firemen in positions they held prior to demotions and which awarded them back pay. The trial court concluded that the firemen were demoted in violation of IC 1971, 19-1-37.5-1 *et seq.*, Ind.Ann.Stat. 48-6249(a) *et seq.* (Burns Code Ed.), which required the City of Whiting to implement a civil service system; the City had never complied.[1] Finding no error, we affirm.

---

1. The trial court also ordered the City of Whiting to implement the civil service system. Appellants do not appeal that portion of the order.

On January 1, 1976, following a change of administration, plaintiff firemen Michael Pavlo and John Hatczel were demoted in rank from captain to pipeman for the Whiting Fire Department. No cause or charge was specified; no notice was given and no hearing was held. Four days later, a complaint was filed, seeking, among other relief, reinstatement to the position of captain and payment of the salary differential from the date of demotion.[2]

A hearing was held. The trial court accepted a stipulation of facts without the presentation of evidence. The court made special findings of fact and concluded that Pavlo and Hatczel had been demoted in violation of IC 1971, 19-1-37.5-6 and IC 1971, 19-1-37.5-7. The court ordered their reinstatement and awarded them back pay. On September 10, 1976, this court entered a stay of execution of plaintiffs' relief, pending the outcome of this appeal.

Appellants have raised the following issues for our review:

Issue I: Whether the trial court acted within its jurisdiction when it afforded demoted plaintiffs protection under a state statute which mandated creation of a civil service commission, where the city had failed to comply with the statute.

Issue II: Whether plaintiffs' own prior failure to mandate creation of the commission defeated their claim.

Issue III: Whether the trial court properly denied appellants' request for a new trial based on newly discovered evidence.

I.

Fire Civil Service Act

The resolution of this issue turns on whether the demoted firemen, Pavlo and Hatczel, were entitled to protection under IC 1971, 19-1-37.5-1 *et seq.* (hereinafter referred to as "the Act"). Effective January 21, 1972, the Act mandates the creation of a civil service commission in the City of Whiting, among others. IC 1971, 19-1-35.5-1. The Act describes the procedure to be followed in organizing the commission — the City would appoint a commissioner; the firemen would elect a commissioner; and these two commissioners

---

2. The differential in pay for the two positions is $131.00 monthly.

would choose a third. The selection process was to have been completed within 45 days after the effective date of the Act. IC 1971, 19-1-37.5-2(e).

The Act allows members of the fire department to continue serving in their positions, with civil service protection:

"Any full-time fireman except those on probation who is serving upon the fire department upon the adoption of the civil service system in any municipality shall be deemed to be a permanent member of the civil service system without examination or other acts on their part as if such person had been permanently appointed thereto under civil service after examination and investigation. The officers of such fire department shall continue to hold the positions that they held at the time of the adoption of the civil service system, until examinations are held. Examinations shall be held within two [2] years of adoption of civil service system: Provided, however, That to be eligible for promotion beyond such rank they shall be required to take the civil service examinations for promotion." IC 1971, 19-1-37.5-5.

Such tenure

"shall be only during good behavior, and any such person may be removed, discharged or suspended, suspended without pay, demoted or reduced in rank, for the following reasons:

(a) Any fireman may be suspended without pay not to exceed thirty [30] days, demoted or reduced in rank, or fined not exceeding fifty dollars [$50.00] for the violation of the written rules and regulations of the commission." IC 1971, 19-1-37.5-6.

The Act further provides as follows:

"No person in the classified civil service who shall have been permanently appointed or inducted into civil service under provisions of this chapter [19-1-37.5-1 — 19-1-37.5-23], shall be removed, suspended, demoted or discharged except for cause, and only upon the written accusation of the appointing power, or any citizen or taxpayer, a written statement of which accusation, in general terms, shall be served upon the accused, and a duplicate filed with the commission. . . . Any person so removed, suspended, demoted or discharged may, within ten [10] days from the time of his removal, suspension, demotion, or discharge, file with the commission a written demand for an investigation, whereupon the commission shall conduct such investigation. The investigation shall be confined to the determination of the

question of whether such removal, suspension, demotion or discharge was or was not made for political or religious reasons, and was or was not made in good faith for cause. After such investigation, the commission may, if in its estimation the evidence is conclusive, affirm the removal, or if it shall find that the removal, suspension, or demotion was made for political or religious reasons, or was not made in good faith for cause, shall order immediate reinstatement or reemployment of such person in the office, place, position or employment from which such person was removed, suspended, demoted or discharged, which reinstatement shall, if the commission so provides in its discretion, to be retroactive, and entitle such person to pay or compensation from the time of such removal, suspension, demotion or discharge." IC 1971, 19-1-37.5-7.

Finally, the Act provides that violators shall be deemed guilty of a misdemeanor, subject to a fine and imprisonment.

Four years after the effective date of the Act, the City of Whiting still had no civil service commission for firemen. Neither the mayor nor the firemen had selected a commissioner.[3]

City officials (appellants) argue that the Act, though mandatory, was a nullity until the City of Whiting "adopted" it, that is, established a fire civil service commission. Appellees Pavlo and Hatczel argue that the Act provided them job protection as of its effective date. The trial court found that neither the City officials nor the firemen had complied with the provisions of the Act. Nonetheless, the court concluded that the law was with the plaintiff firemen, the City having wholly failed to implement and comply with the Act.

A municipality is a mere agency of the State and must conform its acts accordingly. I.L.E. Municipal Corporations §§ 41 and 42. Under the terms of the Act, the State mandated the City of Whiting to create a civil service commission. At the same time, the Act sought to delegate certain powers to such a commission. However, in this case, no commission was ever created. What remedy is available to firemen who were subjected

---

3. The record includes exhibits showing the fire department's preliminary steps in choosing a commissioner. However, these activities occurred early in 1971, prior to the effective date of the Act. The record shows no steps taken by either the City or the fire department in selecting a commissioner after January 21, 1972.

to demotions by the *City* after the effective date of the Act?

To answer the question, we look first to two Indiana Supreme Court decisions dealing with a similar situation. *City of Frankfort v. Easterly* (1943), 221 Ind. 268, 46 N.E.2d 817; *Hansen v. Town of Highland* (1958), 237 Ind. 516, 147 N.E.2d 221. In each case, the city was subject to an act mandating establishment, by ordinance, of a metropolitan police board, following a popular election creating a metropolitan police system. In each case, the city failed to create the board; subsequently, the city attempted to discharge a policeman at will. Each time, the Supreme Court upheld the rights of the policeman, noting:

> "If the city was subject to the metropolitan police board act, as it claims, and it had no such board, the appellee was protected against discharge until a board with authority to discharge him was duly constituted. The appellee's rights could not be thwarted by the city's dereliction of duty."

*City of Frankfort, supra,* 46 N.E.2d at 818. *See* also *Hansen, supra,* 147 N.E.2d at 227.

Courts in other states provide further guidance in decisions involving creation of mandatory civil service systems. In *Logan v. City of Two Rivers* (1936), 222 Wis. 89, 267 N.W. 36, the Supreme Court of Wisconsin decided that:

> "The failure of the common council to provide for the organization of a board of police and fire commissioners within thirty days from the effective date of the act suspended the power of removal which is lodged in the board. It cannot be exercised because no board has been provided. The failure to provide for the board does not add to the powers of the city manager under the statute. If the statute is valid, the act of the city manager in attempting to discharge the plaintiff was without validity and not effective."

267 N.W. at 37.

In *Simpson v. City of Grand Island* (1958), 116 Neb. 393, 89 N.W.2d 117, the Supreme Court of Nebraska relied on the reasoning in *Logan, supra,* as well as the rights created under the act. The court noted that:

> "The civil service act is remedial in character. It invests employees included within its scope with rights which they did

not theretofore possess. It provides the procedure by which such rights are to be enforced."

89 N.W.2d at 122. The court found that the rights under the act accrued as of the effective date of the act. An officer who was intended to benefit by passage of the act would not lose his civil service rights under the act simply because the City failed to effect the act. 89 N.W.2d at 121-22.

Finally, the Court of Appeals of Oregon adopted the rationale in both *Logan* and *Simpson*, in *Myers v. Board of Directors of Tualatin Rural Fire District* (1971), 5 Or. A. 142, 483 P.2d 95. Applying the principles in those cases, the court found that the petitioners were entitled to the benefits they would have received if the legislative mandate had been followed. 483 P.2d 100.

This Court adopts the rationale of the above decisions. We hold that the trial court correctly concluded that Pavlo and Hatczel were demoted in violation of the Act and were entitled to reinstatement.

By passing the Act, the Legislature intended to protect firemen from arbitrary, political actions affecting their positions. Such a remedial statute is liberally construed in favor of those intended to be benefitted. The Act presumed the competence of each fireman to occupy the position he held at the inception of the Act. All firemen were to retain their positions until their ability could be tested. Demotions were to be made only for cause, specifically, violation of the commission's written rules and regulations. Here Pavlo and Hatczel were demoted expressly for political reasons.

The City of Whiting attempted to circumvent the statute by failing to create the commission. The trial court could act to afford the rights created by the Act. The Act provided Pavlo and Hatczel with security in their positions unless they were demoted in accordance with the procedures described in the Act. Since the City of Whiting failed to create the commission, no governmental body existed with the power to demote Pavlo and Hatczel in accordance with the Act. Only upon implementation of the Act would the requirements of the Act come into effect (as to rules and regulations, examinations, etc.).

Finally, the trial court also correctly granted Pavlo and Hatczel an award of back pay. The Act provides that reinstatement entitles a party to compensation from the time of demotion. IC 19-1-37.5-7. .Under the rationale we have adopted, the protections afforded by the Act, including back pay upon improper demotion, may be invoked by aggrieved parties for their benefit.

## II.

### Estoppel

Appellants contend that Pavlo's and Hatczels' "acquiescence and inaction" (failing to seek implementation of the Act prior to this time) created an equitable estoppel barring them from reinstatement and back pay.

Estoppel clearly does not apply to the situation in this case.

"An estoppel does not arise from the words or conduct of one party alone as a waiver does. To create an estoppel, the words or conduct of the party estopped must be calculated to mislead the other party, and such other party must be misled thereby and induced to act in such a way as to place him at a disadvantage." *Templer v. Muncie Lodge I.O.O.F.* (1912), 50 Ind. App. 324, 97 N.E. 546, 550, quoted in *Lafayette Car Wash, Inc. v. Boes* (1972), 258 Ind. 498, 282 N.E.2d 837. *See* also *State ex rel. Crooke v. Lugar* (1976), 171 Ind. App. 60, 354 N.E.2d 755.

Both the fire department and the City of Whiting had equal knowledge of the passage of the Fire Civil Service Act. The City's failure to implement the Act was independent of the fire department's failure to select a commissioner. The City failed to show that it was prejudiced by the fireman's failure to act. Therefore, the individual firemen could not be estopped from asserting their rights under the Act.

Although waiver was not expressly argued in appellants' brief, appellants' contentions seem more likely to refer to waiver than estoppel. "Waiver has been defined as the voluntary and intentional relinquishment of a known right." *City of Evansville v. Follis* (1974), 161 Ind. App. 396, 315 N.E.2d 724, 728. Mere silence or acquiescence (or, in this case, inactivity)

is not a waiver unless there was a duty to speak or act. *Carsten v. Eickhoff* (1975), 163 Ind. App. 294, 323 N.E.2d 664; *Lavengood v. Lavengood* (1947), 225 Ind. 206, 73 N.E.2d 685. The burden of proof is on the party claiming waiver. *Ogle v. Wright* (1977), 172 Ind. App. 309, 360 N.E.2d 240.

Appellants failed to show that Pavlo and Hatczel intended to forfeit their rights under the Act by their inactivity. The Act placed no duty on individual firemen to take the City of Whiting to court to mandate creation of a commission. Instead, the Act mandated the City to implement the Act. The facts presented fail to show that Pavlo and Hatczel waived their rights under the Act.

## III.

### Newly Discovered Evidence

Appellants have requested a new trial because of newly discovered evidence, referred to in an article which appeared in a local newspaper. The article alleges that Whiting firemen were threatened with the loss of their jobs if they attempted to implement the Fire Civil Service Act. Appellants contend that the newly discovered evidence would show that the members of the fire department had conspired to see that the Act was not adopted.

The question of whether to grant a new trial based on newly discovered evidence rests within the sound discretion of the trial court. *Beyer v. State* (1972), 258 Ind. 227, 280 N.E.2d 604. Newly discovered evidence will not serve as the basis for a new trial unless it raises "a strong presumption that, in all probability, it will bring about an opposite result at another trial." *Id.* at 610. Such evidence must be material, non-cumulative, and unavailable prior to trial. *Burger Man, Inc. v. Jordan Paper Products, Inc.* (1976), 170 Ind. App. 295, 352 N.E.2d 821.

The evidence appellants sought to have introduced is not material to the issue involved. We have found that the Fire Civil Service Act was intended to benefit the individual firemen, Pavlo and Hatczel. Appellants made no showing that the newly discovered evidence in any way concerned the activities of Pavlo and Hatczel. Finally, appellants failed to show that the evidence would produce a

different result upon retrial.[4] We have decided that the City of Whiting could not act to demote Pavlo and Hatczel since the power to demote was lodged in the commission that had never been created. The trial court did not abuse its discretion in denying appellants' request for a new trial on the basis of newly discovered evidence.

The judgment of the trial court is affirmed.

Hoffman, J. and Buchanan, J. (By designation), concur.

NOTE—Reported at 373 N.E.2d 189.

---

4. If anything, the evidence would tend to show that Whiting firemen were in need of the Act's civil service protections to prevent future interference with their exercise of statutorily-granted rights.