REQUESTED BY: Dear Senator DeCamp:
You have called our attention to LB 283, which provides that in any city of the metropolitan class having a pension or retirement system for policemen and firemen the benefits, as a minimum, shall provide that any such policeman or fireman with 25 years of service may retire at age 50, and that the minimum pension for such a retiree shall be 50 percent of total compensation at the time of retirement.
The bill also provides that the additional contributions necessary to provide current funding for the increased benefits provided by the bill shall be borne by the employees.
Omaha, the only city of the metropolitan class, operates under a home rule charter. While we have not seen that charter, and, because your need for an immediate response has prevented our getting a copy of it, you inform us that the charter provides that retirement plans shall be contributed to in approximately equal proportions by the city and the employee. Your question is whether this conflict invalidates LB 283, presumably as being in conflict with Article XI, sections 4 and 5, which provide that home rule charters may be amended or repealed only by electoral vote.
We believe there is no constitutional problem in the area you inquire about. In Axberg v. City of Lincoln,141 Neb. 55, 2 N.W.2d 613 (1942), the court held that home rule cities were independent of state legislation only in matters of strictly local municipal concern, and that where the statute dealt with a matter of state concern, the statute took precedence over the charter. The court then said:
 "We conclude that pensions for superannuated and disabled firemen are matters of state-wide concern and that a statute providing for their payment applies to cities governed by home rule charters the same as other cities in the designated class. . . ."
In Simpson v. City of Grand Island, 166 Neb. 393,89 N.W.2d 117 (1958), the court held that a civil service act dealing with employees in paid fire and police departments dealt with a matter of state-wide concern, and was therefore superior to provisions of a home rule charter in conflict therewith.
We therefore conclude that LB 283 is not invalid in the respect you inquire about. We have limited our response to the question you have asked, and have not explored any other constitutional questions.