AUGUST ROSS, APPELLANT, V.
GOVERNORS OF THE KNIGHTS OF
AK-SAR-BEN ET AL., APPELLEES.

299 N.W.2d 145

Filed November 21, 1980. No. 43016.

Bruce G. Mason and August Ross of Ross & Mason for appellant.

Kennedy, Holland, DeLacy & Svoboda for appellee Ak-Sar-Ben.

Donald L. Knowles, Douglas County Attorney, and Rockford G. Meyer for appellee Board of Equalization.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, BRODKEY, WHITE, and HASTINGS, JJ., and COLWELL, District Judge.

BOSLAUGH, J.

This is an appeal from an order dismissing the plaintiff's petition in error to review an order of the Board of Equalization of Douglas County, Nebraska, continuing the exemption from property taxes granted the defendants the Governors of the Knights of Ak-Sar-Ben and Ak-Sar-Ben Exposition Company.

In 1976, the property was determined to be exempt from taxes. Prior to January 1, 1978, Ak-Sar-Ben filed affidavits certifying that the use of their property had not changed since tax exempt status was granted in 1976.

On May 11, 1978, the plaintiff, who is a resident and taxpayer of the County of Douglas, Nebraska, filed formal objections with the Board of Equalization alleging that the property did not qualify for exemption from taxes. At a hearing held on May 23, 1978, the Board of Equalization determined there had been no change in the use of the property and continued the exemptions. This action was commenced June 12, 1978.

Neb. Rev. Stat. § 77-202.03 (Reissue 1976), the statute then in effect, provided that when property has been exempted from taxation "it shall continue to be exempt for a period of four years. . . ." In intervening years, the owner is required to file an affidavit with the county assessor certifying that the use of the property has not changed during the year.

The statute further provided that the county assessor and the county board may cause the exemption to be reviewed in any year to determine whether the exemption should be continued and may do so even if the use of the property has not changed.

At the hearing on May 23, 1978, the Board of Equalization determined there had been no change in the use of the property and the exemptions should continue. It is this determination that the plaintiff sought to review by his petition in error.

The purpose of a proceeding in error in the District Court is to determine whether the final order of an inferior tribunal was in accordance with law. The determination as to whether errors of law occurred must be made from the record of the proceedings before the tribunal. New evidence may not be introduced in the District Court. The only evidence which may be considered is evidence which was before the tribunal. *Dlouhy v. City of Fremont*, 175 Neb. 115, 120 N.W.2d 590 (1963). If there is some competent evidence to support the order of the tribunal, it must be affirmed. *First Nat. Bank & Trust Co. v. Ley*, 182 Neb. 164, 153 N.W.2d 743 (1967).

The transcript which was filed in the District Court shows there was no evidence before the Board of Equalization to indicate a change in the use of the property had occurred. Under those circumstances, the board was not required to reexamine the matter and redetermine whether the defendants were entitled to the exemption which had been granted in 1976. Although the board had the power to review the exemptions, it was not required to do so under the evidence before it in this case.

On May 11, 1978, prior to the hearing before the Board of Equalization, the plaintiff filed a praecipe requesting that a subpoena be issued for the general manager of Ak-Sar-Ben and its books and records. On May 16, 1978, the board determined a subpoena should not be issued. The District Court found this determination was within the authority of the board and not arbitrary or capricious.

The issue before the Board of Equalization was whether a change in the use of the property had occurred. The objections filed by the plaintiff and his affidavit submitted to the board did not allege that any change in the use of the property had occurred. The record before us shows no prejudice to the plaintiff. Without determining whether the plaintiff might be entitled to compulsory process under different facts, we find there was no error in refusing to issue a subpoena in this case.

There being no error, the judgment of the District Court is affirmed.

AFFIRMED.