Custer *v.* Holler.

---

CUSTER ET AL. *v.* HOLLER, ADMINISTRATOR, ET AL.

[No. 20,029.   Filed May 1, 1903.]

EXECUTORS AND ADMINISTRATORS.—*Sales of Real Estate.*—*Time of Return.*—The provision of §2512 Burns 1901, that in sales of real estate for the payment of debts the administrator shall make return under oath of his proceedings in the premises, at the next term after such sale, is directory merely as to the time, and such sale is not invalid because all of the proceedings were had at the same term of court.

From St. Joseph Circuit Court; *W. A. Funk,* Judge.

Petition by Mary E. Custer and another to vacate a sale of real estate made by Christian Holler, administrator of the estate of Sarah Ranstead, deceased. From the action of the court in sustaining a motion to quash the petition, petitioners appeal. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*B. F. Shively* and *H. R. Wair,* for appellants.

*Andrew Anderson, James DuShane* and *W. G. Crabill,* for appellees.

HADLEY, C. J.—This record discloses that appellee Holler, as administrator of the estate of Sarah Ranstead, deceased, was, at the February term, to wit, February 5, 1901, by the circuit court, upon a proper petition and notice, granted an order to sell, at private sale, real estate to pay the debts of the decedent. Appellants are daughters and heirs of the decedent. After giving the notice of sale fixed by the court, the administrator, on the 19th day of February, sold the land to the appellee Grand Trunk Railway Company for $3,800 cash, it being the highest bidder, and that sum being more than the appraised value. Two days later, to wit, February 21, 1901, the administrator reported the sale to the court, which report was approved, the sale confirmed, and a deed of conveyance executed, approved, and delivered to the purchaser. Or, more concretely stated, the order of sale, the sale, the report of the sale, the confirmation of the sale, and the execution and delivery of the deed of conveyance to the purchaser all took place at the same term of court. At the next term of the court, to wit, in May, appellants filed objections to the sale, in the form of a verified petition and motion, that the confirmation and sale be vacated, and the property put to resale, because a purchaser had been found who would pay $4,250 for the land; that sum being ten per cent. more than the sum paid for the land exclusive of the cost and expenses of sale. Notice of the pendency of such motion was served upon the administrator and the purchaser. At the hearing, appellee railway company's motion to strike out and quash appellants' motion to vacate was sustained, which action of the court is brought here for review under a proper assignment of error.

Appellants contend that the court had no power to act upon the report of sale within the limits of the term at which the order was made, relying upon §2512 Burns 1901, which provides: "Such executor or administrator shall make return, under oath, of his proceedings in the

Custer v. Holler.

premises, at the next term after such sale, to the court granting the order; and if such court be satisfied therewith, it shall confirm the same, and direct such executor or administrator to execute a conveyance to such purchaser." The argument is that the time for the report of sale is stated in language so plain and unambiguous as to make it conclusive that the legislature intended the words "at the next term after the sale" as mandatory, and that the report should not come up for action, or the sale for confirmation or rejection, until the term next following that at which the order is made; thus giving the heirs time and opportunity to scrutinize the sale, and determine whether it has been fair and the price adequate.

On the other hand, appellees claim that, since there are no negative words used in the statute forbidding the court to consider the report and sale at some other time than the next following term, it must be regarded as directory only, and that if a report is approved and sale confirmed before or at a later term it is but an irregularity which of itself will not vitiate the sale. We are unable to find either reason or authority in support of appellants' position. When time is not of the essence or substance of the thing to be done,—when it may be as well done at some other time, and more convenient and beneficial to the parties interested, —there can be no sound reason, in most instances, why the law should prevent the highest interests of the parties concerned from being subserved by a reasonable departure from the advice and direction of the statute as to the time for the performance of some official act. The courts generally take this view. Beyond question it is well established in this State as a rule of construction that when a statute fixes the time for the performance of an official act that affects the rights and duties of others, without words of limitation upon the right or power of the officer to perform the act at some other time, the time so fixed will be regarded as directory, and not as essential to the validity

of the proceeding. *Nave* v. *King,* 27 Ind. 356; *Jones* v. *Swift,* 94 Ind. 516, 523, and cases there collated; *Gallup* v. *Schmidt,* 154 Ind. 196, 204; *Landes* v. *State, ex rel., ante,* 479. In the Jones case the following is approvingly quoted from Sedgwick, Stat. & Const. Law, 316: "When statutes direct certain proceedings to be done in a certain way or at a certain time, and a strict compliance with these provisions of time and form does not appear essential to the judicial mind, the proceedings are held valid, though the command of the statute is disregarded or disobeyed."

The contention of appellants as to the purpose of the legislature in requiring the report to be made at the term following the one at which the order was made does not appeal to us with force, for it would be completely within the power of a designing administrator so to arrange his sale that it would occur but a day or two before the opening of the next term, and thus avoid giving time for investigation by the heirs.

In this case there is no denial of the necessity to sell the land for the payment of debts; the parties were all before the court; no claim of fraud or injustice in the appraisement; no charge of negligence or unfairness in the sale, or in any other step of the proceeding; the whole matter was open, fair, and regular; the purchaser was the highest bidder, and purchased in good faith for more than the appraised value, and paid the full amount of his bid in cash. These things perhaps supplied reasons for the court to deem it proper and expedient to approve the report and confirm the sale at the time it was done, rather than keep the matter open, and the estate pending for three months for final action.

It is manifest from §2520 Burns 1901, that the legislature had in contemplation that the procedure prescribed for the sale of lands to pay debts would, for one cause or another, sometimes be departed from, and did, therefore, specifically provide what provisions of the statute should,

in such cases, be deemed essential to the validity of a sale, and what should not avoid it; or, in other words, what provisions of the statute shall be held as mandatory and what as directory. Said section is as follows: "No sale of any real estate, made by an executor, administrator, or guardian, shall be avoided on account of any irregularity or defect in the proceedings, if it shall appear—(1) That the sale was authorized by the court having jurisdiction of the parties and the subject-matter. (2) That the executor, administrator, or guardian gave bond, as required by law, or has accounted for the proceeds of such sale. (3) That notice of the time and place of sale was given in the manner provided by law. (4) That the premises were sold accordingly, and are held by or under one who purchased them in good faith."

The postponement of the report and confirmation of the sale to the next term thereafter, is not found among the essential requirements of the statute as determined by the lawmakers themselves, and we can not hold as peremptory or essential that which the legislature has declared shall not be so regarded. It is the duty of the trial court, in all cases, to obey the statutes, whether mandatory or directory; yet under the law and facts of this case we are constrained to hold that the premature action of the court was but an irregularity that became cured by the confirmation of the sale and order to deliver possession and deed to the purchaser. *Henry* v. *McKerlie,* 78 Mo. 416, 428.

Judgment affirmed.