## HANSEN v. TOWN OF HIGHLAND, INDIANA.

[No. 29,592. Filed January 22, 1958.]

*Eugene D. Tyler* and *Straley Thorpe,* both of Hammond, for appellant.

*Harold J. Douthett, Rae M. Royce* and *Royce & Hoffman,* of counsel, all of Hammond, for appellee.

ARTERBURN, J.—This is an appeal by a police officer and former Town Marshal of the Town of Highland from a judgment of the trial court dismissing an appeal from the Board of Metropolitan Police Commissioners of the Town of Highland. The appellant police officer, Hansen, was relieved of his duties from the police force upon a new administration taking office following the town election in 1955.

The complaint alleges that on November 8, 1955 an election was held in the Town of Highland, Indiana, pursuant to the provisions of Chapter 298, Acts 1951, Burns' 1951 Cumulative Pocket Supplement Replacement, §§48-6331 to 48-6334, which resulted in the majority of the voters voting to establish a Board of Metropolitan Police Commissioners, and on December 6, 1955 the Board of Trustees of said town did establish such Board of Metropolitan Police Commissioners. During the month of December, 1955 the Town Board also appointed three Metropolitan Police Commissioners who took the oath of office and appointed the then existing members of the police department of the town, including the appellant, as new members of the police department under the Board of Metropolitan Police Commissioners.

In January, 1956, when the newly elected town board took office, they also passed a resolution establishing a Board of Metropolitan Police Commissioners pursuant to the results of the November election and then named three members of such commission other than those named in December by the old board. This latter board refused to recognize the appellant as a member of the police department under the Board of Metropolitan Police Commissioners of the Town of Highland. When so informed the appellant asked: "Is it because of something that I have done?" and the reply was "No, it is not because we are dissatisfied with your work. It is because we have never hired you." Thereupon the appellant asked for a hearing and trial, as provided by statute governing the Board of Metropolitan Police Commissioners, and was refused such request upon the ground that he had no right to a hearing.

Both parties charge each other with partisan political

maneuvering. With this we are not concerned. Our duty is only to determine the right to do the acts done or attempted to have been done by the parties. The appellee town has filed a motion to dismiss this appeal. This appeal was fully briefed, both on the motion to dismiss and on the merits.

We discuss first the motion to dismiss this appeal.

The appellee contends the appellant should have filed his transcript and assignment of errors within sixty days rather than ninety days and says that Burns' §48-4506 fixes a sixty-day period which is applicable to appeals in this case.

This Act, it is true, sets out a procedure and regulates appeals in actions and decisions of Boards of Public Works, Park Commissioners, Common Councils and other boards of cities and applies "to all such appeals allowed by law either now or hereafter from the action and decisions of boards of trustees of towns, or of any other body or official of any city or town." (Burns' §48-4509.) This same Act provides that appeals from the trial court may be taken "within sixty [60] days from such final ruling and action" to the Supreme Court of Indiana. (Burns' §48-4506.)

On the other hand, Burns' §48-6105, which deals with proceedings of boards of metropolitan police commissioners and appeals therefrom, provides that the decision of the trial court shall be final and further states "the final judgment of the court shall be binding upon all parties and no further appeal therefrom shall be allowed." This court has held, notwithstanding such a provision declaring the trial court's decision shall be final, that nevertheless the litigants have a constitutional right to an appeal therefrom. *City of Elkhart* v. *Minser* (1936), 211 Ind. 20,

5 N. E. 2d 501; *Wilmont* v. *City of South Bend* (1943), 221 Ind. 538, 48 N. E. 2d 649; *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 109 Ind. App. 1, 26 N. E. 2d 399.

Rule 2-2 of this court provides that appeals shall be perfected within a ninety-day period unless the statute fixes a shorter period. We must, therefore, examine Burns' §48-4501 et seq. to determine if it is the statute applicable in this case. This statute (§48-4504) also provides:

"The order and judgment of such court shall be final and conclusive upon all parties, and no appeal shall lie therefrom except upon questions affecting solely the jurisdiction of the court."

This statute also has to some extent the infirmity that Burns' §48-6105 has, since it limits the right to appeal. The issues here involved on the appeal in the trial court were not those solely involving a question of jurisdiction, and therefore the sixty-day limitation for perfecting an appeal to the Supreme Court would not necessarily be applicable.

We have other difficulties confronting us in applying the statute fixing a sixty-day limitation. Both this statute (§48-4504) and the statute treating specially with reference to appeals from boards of metropolitan police commissioners (§48-6105) were passed at the same session of the Legislature. Neither, so far as we can find, provides that provisions therein conflicting with any other statutes are repealed. The general act (Burns' §48-4506) provides that a petition for rehearing may be filed within fifteen days after a decision, while the special act (Burns' §48-6105) fixes a ten-day period. The latter statute dealing specifically with police and firemen tenure, removal and like rights, also

provides minutely for remedies which the court may grant, including reinstatement of the individual, which is not mentioned in the former and more general act governing appeals from city boards and commissions.

This court has previously determined two cases on the assumption that the ninety-day period applied as a time limitation in appeals under Burns' §48-6105.

The question of a conflict in the two statutes was not considered in the cases. These cases are: *City of Michigan City* v. *Williamson* (1940), 217 Ind. 598, 28 N. E. 2d 961; *City of Michigan City* v. *State ex rel. Seidler* (1937), 211 Ind. 586, 5 N. E. 2d 968.

In the Williamson case the court plainly stated that the appellant had ninety days within which to file his appeal. In the Seidler case the court held under the then rule of this court that the appeal time limitation was one hundred eighty days. The 1933 Act (Burns' §§48-4501-4509) with its sixty-day limitation therein, was at that time in full force and effect. The appellee has failed to cite any cases during the twenty-four years in which the 1933 Act has been in effect where the sixty-day limitation for an appeal in cases such as that before us has been applied. In view of this court's failure in the two opinions referred to above to apply the sixty-day limitation, we are not now inclined to interpret this statute so as to fix a shorter limitation for appeals. This is done particularly in the interest of not misleading litigants.

The appellee further contends that this appeal should be dismissed because the appellant failed to file a petition for rehearing following the sustaining of a motion to dismiss by the trial court. The appellee cites *City of Michigan City* v. *William-*

*son, supra.* This case is to be distinguished from the one before us by the fact that in that case an actual hearing was held before the Board of Public Works and Safety on the merits and likewise a hearing on the merits was held by the trial court. In the case before us it is alleged that no hearing was held by the Board of Metropolitan Police Commissioners, and the record shows that no trial or hearing was held in the trial court. We can see no reason or logic for requiring the court to reconsider a hearing which did not take place. A "hearing" is used in the sense of a trial. A rehearing is used in the same sense. *City of Michigan City* v. *State ex rel. Seidler, supra.*

For the reasons given, the motion to dismiss this appeal is denied.

We come now to a consideration of this appeal on its merits.

These issues are raised by a motion to dismiss made by the Town of Highland in the trial court below. The contentions made under this motion were first, that the Board of Metropolitan Police Commissioners created in December, 1955, before the new town board took office is "not a legally constituted board"; second, that the trial court had no jurisdiction since no transcript of the papers and entries and records before the board were filed with the trial court; third, that the complaint shows on its face the plaintiff did not make any demand upon the Board of Metropolitan Police Commissioners for a hearing. As to the latter contention, the complaint does allege that the appellant made a demand for a hearing.

The statute in this connection provides that a member of the police department "may be removed for any

cause other than politics, after written notice is served upon such member . . . notifying him or her of the time and place of hearing, and after an opportunity for a hearing is given, if demanded, and the written reasons for such removal shall be entered upon the records of such board." (Burns' §48-6105.) Under such a statute, a failure to give written notice would obviate the necessity for a demand for a hearing. *City of Evansville* v. *Maddox* (1940), 217 Ind. 39, 25 N. E. 2d 321; *State ex rel. Shanks* v. *Com. Council, City of Wash.* (1937), 212 Ind. 38, 7 N. E. 2d 968.

With reference to the second item as grounds for dismissal, Burns' §48-6105 provides: "Within ten [10] days after the service of summons said board shall file in said court a full, true and complete transcript of all papers, entries and other parts of the record relating to such particular case . . ." The duty is placed upon the city in this case to file the transcript—not the appellant. The city cannot take advantage of its own failure to follow a statutory proceeding in regard to dismissals. The trial court has inherent authority to compel the filing of a transcript, if one existed, in appeals of this character. The statutory provision fixing a period of ten [10] days within which the board should file a complete transcript in the court to which the appeal is taken is merely directive. A board or public body may not avoid the statutory obligation of furnishing a transcript in such cases by failing to file the same within the time directed by the statute, and thereby thwart an attempt to appeal from its decision. *Hamilton* v. *City of Indianapolis* (1946), 116 Ind. App. 342, 64 N. E. 2d 303; *Jones* v. *Swift et al., Executors* (1884), 94 Ind. 516; *Custer*

v. *Holler* (1903), 160 Ind. 505, 67 N. E. 228; *Town of Dublin* v. *State ex rel. Kirkpatrick* (1926), 198 Ind. 164, 152 N. E. 812.

We come next to the question: Was the Board of Metropolitan Police Commissioners of the Town of Highland legally constituted in December, 1955 at the time the appellant claims he became a member of the police department under such board? The appellee points to certain provisions in the Acts of 1951, ch. 298, Burns' §48-6331, which authorizes a town of more than three thousand population to hold an election to determine whether a Board of Metropolitan Police Commissioners shall be established. This Act in particular provides: "Three [3] commissioners shall be appointed in January 1952, one to serve for one [1] year, one to serve for two [2] years, and one to serve for three [3] years. Thereafter on January 1 of each year one [1] member shall be appointed to serve for a term of three [3] years." Appellee's contention is that from the reading of this Act, the only time police commissioners may be appointed is in January following the election providing for the creation of such a board, and therefore the appointments made by the old town board in December were invalid. The appellee claims further that in effect the old board was attempting to tie the hands of the new board by making appointments prospectively.

Although normally an appointment may be made to fill a vacancy occurring in the future, this is subject, however, to the exception that one clothed with appointing power has no right to forestall the rights and prerogatives of his successor by making an appointment to fill an office vacated during the term of the appointing officer's successor, or in other

words, making an appointment to begin at a time after the appointing officer's term has expired. 67 C. J. S., Officers, §30, p. 159.

Looking at the portion of the statute cited, appellee's position would seem quite clear were it not for certain patent ambiguities connected with the statute. Appellant, however, points out that the Act says: "This act shall be in full force and effect from and after January 1, 1952" and "Three [3] commissioners shall be appointed in January 1952, . . ." Obviously, the Act could not apply to any appointments made in January, 1952, since at the time of the elections in 1951, the Act was not in effect. Therefore, the words with reference to the appointment of commissioners "in January, 1952" can be given no meaning and no effect since they limited only appointments made in 1952 and upon the expiration of the terms of such members thereafter. We judicially know that town elections are provided for in the odd years of 1951, 1955 and 1959. The date of "January 1952" as the beginning date for appointments was an inadvertent error made by the legislature, which obviously is inoperative, since the provisions of the Act could not be invoked until some time subsequent to January 1, 1952.

The statute does not fix any specified time for the establishment or constitution of the board by ordinance as distinguished from the appointment of its members. It makes it clear that "If a majority of the voters of such town voting on such question shall be in favor of the establishment of a metropolitan board of police commissioners, the town board *shall by ordinance establish a board* of metropolitan police commissioners to consist of three [3] members to be appointed by the board of trustees of the town." (Burns' §48-6331.) We have

no right to read into this Act words which are not there. It does not say the ordinance shall be enacted in January following the election, but only the appointments shall be made in January, 1952. It does not say that the three commissioners shall be appointed in January, 1956, or only in January thereafter. We can see no reason for a lapse of time between the establishment of the board and the appointment of its members. The statute provides for an election upon the establishment of a Metropolitan Board of Police Commissioners at a primary town election as well as at a general election. Must there be a delay in event of an affirmative vote at a primary election in May until the next January?

The intent of the legislature to create a uniformity in the operation of the Act with that for larger cities is apparent in the wording of Burns' §48-6334, which provides that the rules and regulations in connection with the operation of police departments shall be the same as that in large cities. Under the Act applicable to large cities there is no time fixed for the appointment of board members other than at the time their terms expire. (Burns' §48-6301.) It is our judgment that the Act applicable to towns (Burns' §§48-6331—48-6334) should be construed to operate similarly.

In *City of Frankfort* v. *Easterly* (1943), 221 Ind. 268, 46 N. E. 2d 817, following an election creating a metropolitan police system, the city of Frankfort failed to take the necessary steps to create the board provided under the Act and attempted to discharge a policeman before the board was created, on the theory that he could be discharged at will. This court said:

"If the city was subject to the Metropolitan Police Board Act, as it claims, and it had no such board, the appellee was protected against discharge

until a board with authority to discharge him was duly constituted. The appellee's rights could not be thwarted by the city's dereliction of duty."

The city had a mandatory duty to create and establish the board and appoint the members thereof. The contention that it was the purpose of the Act to give the new town board the power to establish and appoint the Board of Metropolitan Police Commissioners can have no point to it if the members of the police department at the time of the election had their rights fixed then and were thereafter subject to discharge only as provided in the Act creating the Metropolitan Police Commission.

It is our judgment that the Act (Burns' §§48-6331— 48-6334) applicable to towns desiring to create Boards of Metropolitan Police Commissioners should be ■ construed to mean that it is the duty of the then existing town board promptly, after a favorable election, to establish the board of police commissioners by ordinance and appoint its members.

The judgment of the trial court is reversed with direction to overrule the motion to dismiss.

Emmert, C. J., Bobbitt, Landis and Achor, JJ., concur.

NOTE.—Reported in 147 N. E. 2d. 221.