465 P.2d 280

**JUMBO, INC., d/b/a the Office Bar, Petitioner-Appellant,**

v.

**STATE, ex rel. Turner W. BRANCH, Chief, Division of Liquor Control, State of New Mexico, Respondent-Appellee.**

**No. 8938.**

Supreme Court of New Mexico.

Feb. 20, 1970.

**224**

Domenici & Bonham, Albuquerque, for petitioner-appellant.

James A. Maloney, Atty. Gen., Robert J. Young, Asst. Atty. Gen., Santa Fe, for respondent-appellee.

## OPINION

MOISE, Chief Justice.

Appellant, holder of a state liquor license, was found by the liquor control hearing officer to have violated the Liquor Control Act (§§ 46–1–1 to 46–11–4, incl., N.M.S.A.1953). An order was issued suspending appellant's dispenser's license for a period of fifteen days. On review in the district court of Santa Fe County, the action of the hearing officer was affirmed. Appellant's first point is a technical procedural one, which is of first impression in New Mexico. He argues that the suspension order was fatally defective in that the record, made before the hearing officer, reviewed by the trial court and now before us, did not contain a copy of the charge and a copy of the order to show cause, as required by § 46–6–4(I) (2), N.M.S.A.1953. That statute, so far as material, reads:

"I. At any hearing on an order to show cause the liquor control hearing officer shall cause to be made a record of hearing which shall record * * * (2) the nature of the proceedings including a copy of the charge and a copy of the order to show cause, each showing the return of service thereof. * * *"

Appellant relies heavily on Brockmeyer v. Ohio Real Estate Comm., 5 Ohio App. 2d 161, 214 N.E.2d 265 (1966), as authority supporting its position that the omission of the documents required by the statute makes the action of the district court erroneous and a reversal mandatory. In that case the record certified by the agency was incomplete in that it did not contain the agency's order. On appeal it was held that the statute specifically required the reversal of the trial court's order affirming the action of the agency because the record certified was not complete in view of the omission. Young v. Bd. of Review, Dept. of State Personnel, 9 Ohio App.2d 25, 222 N.E.2d 789 (1967), is a later case applying the rule.

In the instant case we see no way to avoid a similar result. The statute involved here is mandatory in its requirements. Absent the complaint and order to show cause, the record does not disclose the charge. In addition, the findings of the hearing officer to the effect that "the

charge set forth in the paragraphs 3, 4 and 5 have been proven" add nothing to an understanding of the charges. Certainly, the proof introduced at the hearing discloses testimony concerning alleged sales of alcoholic beverages to a named minor on particular dates, and so we may infer that this was the nature of the charges. However, this is not sufficient in our view. The complete record required by the statute must necessarily have been before the district court before it could review the action of the hearing officer and, in turn, before us before we can determine the correctness of the holding there. Compare State ex rel. Transcontinental Bus Service v. Carmody, 53 N.M. 367, 208 P.2d 1073 (1949).

 Appellee would avoid the effect of the omission by the hearing officer by the argument that the defect now being urged was not advanced in the trial court. However, the record discloses that appellant there requested a finding that, "[t]he order of the Hearing Officer herein was predicated upon incompetent, irrelevant testimony or evidence *or matters extrinsic to the record of hearing*." Nothing further appearing, we cannot say that the right to assert the effect of the omission was waived, if indeed, it could be, which we do not decide. Neither do we see, as urged by the appellee, any obligation on the part of appellant to supply the absent material. The statute placed the obligation for making the record on the hearing officer, and appellant's rights may not be adversely affected by shortcomings therein. Compare Hansen v. Town of Highland, 237 Ind. 516, 147 N.E.2d 221 (1958). Nor do we know of any provision for certiorari for diminution of the record whereby the district court can accomplish such a result. (However, see § 4–32–19, N.M.S.A.1953 [1969 Supp.], being part of the Administrative Procedures Act, not applicable here, which provides that the reviewing court may require or permit correction of the record when necessary.)

We are convinced that strict compliance with legislatively prescribed procedural safeguards is an absolute requirement, when, as here, the right to operate a business and earn a livelihood is at stake. See Young v. Bd. of Pharmacy, 81 N.M. 5, 462 P.2d 139 (1969). In the instant case, the legislature required that the record include certain things which were not included. The legislature having spoken, we are bound to require compliance.

In view of the holding announced as to appellant's Point I, consideration of Point II is not necessary.

Having determined that the trial court erred in attempting a review without a proper record, it follows that the cause must be reversed and remanded to the trial court with instructions to proceed in a manner consistent herewith.

It is so ordered.

COMPTON and SISK, JJ., concur.