INDIANA ALCOHOLIC BEVERAGE
COMMISSION, Appellant–
Respondent

v.

Melba EDWARDS and Rev. Ralph
Thornton, Appellees–
Petitioners

No. 90A05–9506–CV–209.

Court of Appeals of Indiana.

Dec. 22, 1995.

Pamela Carter, Attorney General, Brian D. Scott, Deputy Attorney General, Indianapolis, for appellant.

Michael W. Lautzenheiser, Sr., Lautzenheiser, Myers & Holdman, Bluffton, for appellees.

## OPINION

ROBERTSON, Judge.

The Indiana Alcoholic Beverage Commission appeals the decision of the trial court which reversed the grant of an alcoholic beverage permit to a business in the town of Zanesville, Indiana. The Commission presents the following issues:

I. Whether the trial court exceeded its authority when it reweighed the evidence presented to the local Board of the Alcoholic Beverage Commission and the Alcoholic Beverage Commission?

II. Whether the trial court on judicial review exceeded its authority under Ind.Code § 4-21.5-5-15 when it ordered the denial of the alcoholic beverage permit to Friedman, Inc?

We affirm and remand for further proceedings.

Judicial review of an administrative decision is limited to whether the agency lacked subject matter jurisdiction or employed improper procedures or whether the decision was unsupported by substantial evidence, was arbitrary or capricious, or was in violation of any constitutional or statutory or legal principle. *Natural Resources Commission v. AMAX Coal Co.* (1994), Ind., 638 N.E.2d 418, 423; *State Board of Registration v. Nord* (1992), Ind.App., 600 N.E.2d 124, 128; Ind.Code 4-21.5-5-14. The scope of review includes a consideration of the uncontradicted facts. *See Indiana Department of Environmental Management v. Conard* (1993), Ind., 614 N.E.2d 916, 919.

The court must view the record of proceedings in a light most favorable to the administrative proceeding and cannot reweigh the evidence. *Nord,* 600 N.E.2d at 128. The party who asserts the invalidity of the agency action bears the burden to demonstrate the invalidity. *AMAX,* 638 N.E.2d at 423.

The local Board of the Commission recommended an alcoholic beverage permit for a local grocery store despite local opposition. The Remonstrators appealed the recommendation, and the Commission held a de novo review pursuant to I.C. 7.1-3-19-11. The Commission followed the recommendation of the local board and issued a permit to the grocery store. The Remonstrators then sought judicial review of the agency proceedings. The trial court reversed the decision of the Commission and ordered the permit denied. The Commission now appeals the reversal and order.

I

The Commission claims the trial court improperly weighed the evidence and substituted its judgment for that of the Commission. After a de novo review of the local recommendation, the Commission issued findings of fact, including:

4. That the plat maps supplied by the Remonstrators at the Alcoholic Beverage

Commission appeal hearing were inadequate in that they were not drawn by a person certified to be a person compentant [sic] and qualified to prepare the same and the Commission pursuant to 905 IAC 1–18–2 requires that this map be drawn by someone certified to be a person competant [sic] and qualified to prepare the same. (ABC file and LB hearing tape)

5. That the plat maps supplied by the Remonstrators in their Exhibit 1 are inadequate in that the lines drawn purportedly to show the outside parameters of the residential area surrounding the proposed premises do not meet and they do not appear sufficiently accurate to satisfy statute 7.1–1–3–38 that 75% of the area within 500 feet of the premises is a residential area and do not satisfy the requirement that 51% of the registered voters within that 500 feet of the permit premises have signed a written remonstrance against the issuance of this permit. (ABC file and LB hearing tape)

Based upon the findings of fact, the Commission concluded:

3. That there is insufficient evidence to support Remonstrators['] contention that either, one, the location of this premise[s] is within a residential district as defined by IND.CODE 7.1–1–3–36 [sic] or that, two, 51% of the registered voters in said purported residential district signed a written remonstrance against the issuance of this permit.

On judicial review of the decision to grant the permit, the trial court held a hearing and issued, among others, the following findings of fact and conclusions of law and the following judgment:

9. At said [Commission] hearing, oral testimony from the Clerk–Treasurer of the Town of Zanesville and an affidavit sworn to by relevant citizens of the Town of Zanesville demonstrated that 51% of the registered voters of the residential district in which Applicant sought to operate his beer-wine permit remonstrated against said application.

10. IC 7–1–3–19–13 [sic] states that:

New permits in Residential District: Hearing. The commission shall consider the matters which may be brought out at the hearing and the sentiments of the residents in making the determination required by IC 1971, 7.1–3–19–13. *Further, if at the hearing, there is presented to the commission a verified written remonstrance bearing the signatures of at least fifty-one percent (51%) of the registered voters of the residential district, the commission shall be bound to find in the affirmative and to deny the application.* (Emphasis added).

11. There was no evidence presented by the Applicant to refute the showing that the effected (sic) area was a residential district or that 51% of the registered voters in said district opposed the granting of said permit to Applicant.

12. When questioned at said hearing, under oath, Applicant testified that he had no reason or evidence to oppose the evidence presented on behalf of the Remonstrators relative to IC 7.1–3–19–13.

13. The same oral testimony and evidence was presented and was unchallenged at the local board hearing in Allen County.

14. At no time did the Alcoholic Beverage Commission request or require that the Remonstrators submit a plat of the subject area drawn to scale showing the use by the occupants and certified by a person competent and qualified to prepare the same, and this non-mandatory condition must be requested by the Alcoholic Beverage Commission from the *Applicant,* not the Remonstrators. (Emphasis original).

\*   \*   \*   \*   \*   \*

16. By written Order, dated December 14, 1992, the Indiana Alcoholic Beverage Commission upheld the local Board's decision by finding that the Remonstrators had not carried their burden of proof and finding sua sponte that evidence of a valid remonstrance per IC 7.1–3–19–13 (51% Remonstrators in a 500 feet radius from the Applicant's place of business) had not been adequately proven.

\*   \*   \*   \*   \*   \*

WHEREFORE, the Court herein finds and concludes:

\* \* \* \* \* \*

4. That at the hearing before the Alcoholic Beverage Commission hearing officer on November 2, 1992, the Remonstrators presented evidence per IC 7.1-3-19-13 that 51% of the registered voters in the residential district within 500 feet of where the beer-wine permit was to be located, opposed or remonstrated against the granting of said beer-wine application and no objection to said proof was offered or made by Applicant, and no additional proof relative to this factor was requested by the Alcoholic Beverage Commission. Yet the Alcoholic Beverage Commission refused to consider this factor, which would automatically cause the application to be denied. Therefore the decision of the Alcoholic Beverage Commission is not in accordance with the law and is unsupported by substantial evidence.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the August 24, 1992, decision of the Allen County local Board of the Alcoholic Beverage Commission, and the November 14, 1992, reaffirmation of the local board decision by the Alcoholic Beverage Commission review officer, and any subsequent reaffirmations are hereby reversed and the application for an alcoholic beverage license or permit is hereby denied.

As the trial court noted, if, at the hearing, there is presented to the Commission a verified written remonstrance bearing the signatures of at least fifty-one percent (51%) of the registered voters of the residential district, the commission shall be bound to find in the affirmative and to deny the application for a permit. I.C. 7.1-3-19-13. The term "residential district" means an area composed of all territory within a radius of five hundred (500) feet of the premises described in the application for a permit being considered and in which area seventy-five percent (75%) or more of the territory in use is used for residential purposes as opposed to commercial, business or manufacturing purposes. I.C. 7.1-1-3-38. Territory in use in the area does not include territory which consists in or is devoted to a street, alley, vacant lot, park, parkway, church, school, religious institution, other not-for-profit institution, lake, river, or other body of water. *Id.*

The clerk treasurer of the interim board of the town of Zanesville testified at the de novo hearing. As a part of her duties as clerk, she was to know or have record of who the registered voters in the community were. She testified that she had made special trips to the court house in Bluffton and to the City County Building in Fort Wayne and had obtained a list of all the registered voters who had lived within five hundred feet of the grocery store in question. She also had obtained maps from both locations. With a compass, she had drawn a circle with a radius of five hundred feet around the grocery store. She had checked the residents of the properties within five hundred feet of the store against the voter registration lists and had determined that thirty-seven voters lived within the area. She further identified a copy of a list of twenty-eight voters within the area and a copy of their signatures, which list she had verified. Also, she had determined that over eighty-two percent (82%) of the properties were residential within the area. In the calculation, she had not included any streets, alleys, vacant lots, parks, parkways, churches, schools, religious institutions, not-for-profit institutions, lakes, rivers, or bodies of water.

The Applicant for the permit also testified at the de novo hearing. When asked what errors existed in the calculation of the percentage of the residential character of property within a five hundred foot area of the premises, the Applicant responded that he did not think the clerk treasurer was qualified to make that calculation. When asked what error existed in the determination of the people in that area who were opposed to his application, the Applicant answered that one of the women who had signed the remonstrance had later signed his petition to allow the permit.

As noted above, the Commission found that the Remonstrators' plat maps were inadequate because they were not drawn by a person certified as competent

and qualified to prepare them under 905 I.A.C. 1–18–2, which states:

> In the consideration of all new applications [for new permits in a residential district], except renewals of existing permits, for retail permits to sell by the drink and liquor dealer permits, except drug stores, local boards will determine and designate in their report (Form 219) on the application whether the premises being considered is in either a residential, business and commercial, or doubtful areas.
>
> To assist in this determination, the local board or the Commission may require the applicant to submit a plat of the area drawn to scale showing the use by the occupants and certified by a person competent and qualified to prepare the same.

As the trial court noted, the plain language of the provision shows it applies only to the Applicant, not to the Remonstrators. The evidence is insufficient to support the Commission's conclusion that the plat maps of the Remonstrators were inadequate because the clerk treasurer was not certified to prepare them under 905 I.A.C. 1–18–2.

■ The Commission also found that the plat maps and verified signatures were inadequate in that the lines do not meet and do not appear sufficiently accurate to show the territory is a residential area or to satisfy the requirement that 51% of the registered voters within that area signed the written remonstrance. We have reviewed the circles on the plat maps in the record. They do not appear so inadequate that they could not support a conclusion opposite that of the Commission, but we will not reweigh the evidence on the matter. Nonetheless, any inadequacy in the evidence must be considered with regard to the uncontradicted facts of record. See Conard, 614 N.E.2d at 919. Thus, the party which challenges the administrative determination, here, the Remonstrators, bears the burden to show that there are no substantial facts to support it. See id. (administrative order).

■ If a reasonable person would conclude that the evidence and the logical and reasonable inferences therefrom are of such a substantial character and probative value so as to support the administrative determination, then the substantial evidence standard of I.C. 4–21.5–5–14(d)(5) is met. *Civil Rights Commission v. Weingart, Inc.* (1992), Ind.App., 588 N.E.2d 1288, 1289. Conversely, if no reasonable person could conclude that the evidence and the logical and reasonable inferences therefrom are of such a substantial character and probative value so as to support the administrative determination, then the substantial evidence standard is not met.

■ In light of the uncontradicted evidence before the Commission, no reasonable person could reach any other conclusion but that the Remonstrators had shown the territory within a radius of five hundred feet of the grocery store was an area in which more than (75%) was used for residential purposes. Further, no reasonable person could reach any other conclusion but that the Remonstrators had presented to the Commission a verified written remonstrance bearing the signatures of at least fifty-one percent (51%) of the registered voters of that residential district. The conclusion of the Commission to the contrary is not supported by substantial evidence and is therefore contrary to law. In light of the uncontradicted evidence, any failure of the lines on the plat maps to form a perfect circle does not amount to a substantial fact.

For the reasons stated, the Remonstrators bore their burden to show that no substantial facts support the conclusion of the Commission. The Commission should have denied the application. The trial court appropriately concluded that the decision of the Commission is not in accordance with the law and is unsupported by substantial evidence.

## II

The Commission claims that, even if it was bound to find in the affirmative and deny the application for the permit under I.C. 7.1–3–19–13, the trial court had no authority to order the permit be denied. The Commission relies, in part, upon I.C. 4–21.5–5–15, which states:

> If the court finds that a person has been prejudiced under section 14 of this chapter, the court may set aside an agency action and:

(1) remand the case to the agency for further proceedings; or

(2) compel agency action that has been unreasonably delayed or unlawfully withheld.

The Commission contends that, under subsection (1), the trial court only had authority to remand the case to the agency for further proceedings. The Remonstrators respond that, under subsection (2), the trial court had the authority to compel agency action, that is, to order the permit denied, because the agency unreasonably delayed and unlawfully withheld that action.

■ The precursor to I.C. 4–21.5–5–15 contained substantially the same language as does the current section. With respect to that statute, this Court noted that:

> The express intent of this part of the statute is to limit the reviewing court's authority to remand the case to the administrative agency for further proceedings after a proper determination that the agency's decision was contrary to law. If upon remand the agency unlawfully withholds or unreasonably delays the redetermination of the case, then the trial court may compel agency action by direct order. Otherwise the reviewing court does not have power to compel agency action as part of the initial review function. It may only remand the cause for rehearing.

*Indiana Alcoholic Beverage Commission v. Johnson* (1973), 158 Ind.App. 467, 476–477, 303 N.E.2d 64, 69.

> Remanding [the case] to the administrative body gives it an opportunity to correct the irregularities in its proceedings as determined by the court. At the same time it avoids the court's encroachment upon [the agency's] administrative functions. There is no more reason for assuming that the commission will disregard the law as fixed by this reviewing court than that a lower trial court will do so.

*Public Service Commission of Indiana v. Chicago, Indianapolis and Louisville Railway Co.* (1956), 235 Ind. 394, 403, 132 N.E.2d 698, 702.

The decision of the Commission is not supported by substantial evidence and is therefore contrary to law. The trial court appropriately reversed that decision but improperly ordered the permit be denied. The cause is remanded to the trial court for further proceedings consistent with this opinion.

Judgment affirmed and remanded.

BAKER and NAJAM, JJ., concur.