

**FILED**

Jul 13 2016, 8:31 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Lynne D. Hammer
Office of Corporation Counsel
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Robert P. Thomas
Thomas & Nugent
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

City of Indianapolis,
*Appellant-Defendant,*

v.

Bradford Bentley,
*Appellee-Plaintiff*

July 13, 2016

Court of Appeals Case No.
49A05-1510-MI-1765

Appeal from the Marion Superior Court

The Honorable Bruce E. Petit, Special Judge

Trial Court Cause No.
49D01-1409-MI-30056

**Baker, Judge.**

[1] An Indianapolis Police sergeant was demoted to patrol officer. He sought judicial review of the demotion. During the litigation, the City of Indianapolis (the City) filed the required transcript over six months late and its summary judgment response and designated evidence over four months late. The trial court struck all of the untimely filed documents and found in favor of the officer. The City now appeals. Finding no error, we affirm.

## Facts

[2] Sometime in 2013 or 2014, Indianapolis Police Sergeant Brad Bentley was demoted to patrol officer. On August 26, 2014, the Indianapolis Metropolitan Police Department Civilian Police Merit Board (Merit Board) upheld the demotion. Sergeant Bentley filed a petition for judicial review on September 10, 2014, and then filed a motion for summary judgment on November 24, 2014. The City did not file the transcript from the Merit Board hearing within thirty days of receiving the sergeant's summons, as required by Indianapolis Code section 279-237(o).

[3] Sergeant Bentley's wife works for the Marion County Superior Court. As a result, the first two trial judges recused themselves. A special judge from outside of Marion County was appointed on February 6, 2015. On April 8, 2015, the trial court afforded the City twenty-one additional days to file the six-months-overdue transcript from the Merit Board hearing, though the trial court did not explicitly state that the transcript would be accepted if filed by the twenty-one-day deadline. The City filed the transcript on April 27, 2015, but

the trial court later struck it from the record as untimely filed. On June 16, 2015, the City filed its response to Sergeant Bentley's summary judgment motion, but the trial court struck the City's pleading from the record.[1] Following an argument on the pending summary judgment motion, on October 9, 2015, the trial court found in favor of Sergeant Bentley. In pertinent part, the trial court found as follows:

> 5. A second issue addressed at the Pre-Trial Conference held April 8, 2015, concerned the Defendant's failure to file a transcript of the Merit Board proceedings as required pursuant to Municipal Code of Indianapolis, Section 279-237. This failure was one of the grounds upon which Plaintiff was seeking Summary Judgment. The Court Ordered Defendant to file the transcript within twenty one (21) days of the Pre-Trial Order and the Defendant did file that transcript on April 27, 2015. It should be noted that the Court did not grant leave or approve the late filing of this transcript in its Order but merely set a deadline to file that transcript if the Defendant was going to do so. It was the Court's intent to address the propriety of a late filing and Plaintiff's remedies, if any, at a later time.
>
> ***
>
> 8. . . . Plaintiff contends that because Defendant failed to file the transcript of the Merit Board proceedings as required by the Code Section 279-237, Plaintiff is entitled to Summary Judgment as a matter of law. . . . . Defendant did file the transcript on April 27, 2015, and now argues

---

[1] The City's summary judgment response and designated evidence were filed on June 16, 2015, over four months past the court-imposed deadline of February 9, 2015.

that any delay of filing that transcript was de minimis or non-prejudicial to the Plaintiff and that Defendant has now substantially complied with the Code's requirements. Plaintiff requests that the Court vacate its Order allowing Defendant to file a transcript outside the thirty (30) day time limit required by the code and that the Court not consider same. Defendant responds that the Indianapolis Municipal Code does not set forth exclusion of the transcript as a remedy for failure to comply with the time limits set forth in the Code and that the Code is inconsistent with the Indiana Administrative Orders and Procedure Act. . . .

9. The Court rejects Defendant's argument that because no remedy is set forth in the Code, then Plaintiff is not entitled to a remedy for Defendant's non-compliance. To rule otherwise would render the Code unenforceable. . . . There's no question in this Court's mind that had the Plaintiff not complied with the time limits set forth for filing his Appeal, his Appeal would be subject to a summary denial. . . . The logical interpretation of the Code in effectuating its purpose of providing Plaintiff with a timely means of appeal, is to not allow a late filing of the transcript without a court order extending the time limits for good cause or that the reviewing court is granted discretion with regard to remedies imposed when the Code is violated. . . . The Court hereby finds that the transcript . . . was not timely filed and Orders it stricken from the record.

10. . . . [B]ecause the untimely filed transcript has been stricken from the record, the Court cannot and does not find substantial evidence to support the [Merit] Board's decision. Further, . . . the Court is unable to make a determination whether the [Merit] Board's decision was arbitrarily [sic] and capricious or an abuse of discretion.

> Although the burden of proof to show the decision was arbitrary and capricious generally lies with the challenging party, . . . the Court's inability to make that determination and a lack of evidence thereon, is completely through the fault of the Defendant, not Plaintiff, and Defendant should not be allowed to benefit from its failure to comply with the Code's requirements. The Court finds no basis to uphold the Merit Board's decision previously entered.

Appellant's App. p. 5-8 (internal citations omitted). The trial court reversed the Merit Board's ruling and ordered the Merit Board to restore Sergeant Bentley to the rank of sergeant with retroactive back pay. The City now appeals.

# Discussion and Decision

## I. Standard of Review

When we review the decision of an administrative agency, we are bound by the same standard as the trial court. *Parker v. Ind. State Fair Bd.*, 992 N.E.2d 969, 976 (Ind. Ct. App. 2013). We do not try the case de novo and do not substitute our judgment for that of the agency. *Id.* Pursuant to the Administrative Orders and Procedures Act (AOPA), we will reverse the administrative decision only if it is (1) arbitrary, capricious, or otherwise not in accordance with law; (2) contrary to a constitutional right, power, privilege, or immunity; (3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (4) without observance of procedure required by law; or (5) unsupported by substantial evidence. Ind. Code § 4–21.5–5–14. Although an appellate court grants deference to an administrative agency's findings of fact, no such deference is accorded to its conclusions of law. *Parker*, 992 N.E.2d at 976. The

burden of demonstrating the invalidity of the agency action is on the party who asserts the invalidity. *Id.* In this case, the trial court disposed of the petition by granting summary judgment in favor of Sergeant Bentley. Summary judgment is proper where no genuine issue of material fact remains and the movant is entitled to judgment as a matter of law. Ind. Trial Rule 56(C).

## II. Untimely Transcript

The City argues that the trial court erred by striking the untimely-filed transcript. Our starting point in analyzing this argument must be the City's own ordinance, which provides as follows:

> Any officer who disagrees with the findings of the merit board shall have the right to file a verified petition to the Superior or Circuit Court of Marion County for a review of the decision. The petition for review must be filed within thirty (30) calendar days after the written decision of the board. The City of Indianapolis shall be the sole defendant in the petition for review. Within thirty (30) calendar days after receipt of a summons, the city shall cause the merit board to file a true and complete copy of the transcript of the hearing with the court. The court, without jury, shall review the record and render its decision as in other administrative reviews.

Indianapolis Code § 279-237(o) ("the Ordinance"). Initially, we observe that it is atypical for the respondent, rather than the petitioner, to bear the cost and responsibility of preparation and filing of the transcript of the administrative proceeding. But the City drafts and passes its own ordinances, and this is how it has chosen to structure the review of Merit Board decisions.

[6] Having decided to structure its procedure in this fashion, the City is bound to comply with it. The plain language of the Ordinance requires that the City file the transcript of the Merit Board hearing within thirty days of receipt of the summons. In this case, the thirty-day deadline passed on October 16, 2014. The City did not file the transcript until April 27, 2015—193 days late. And never once, during the course of those six months, did the City request an extension of time or in any way indicate that it was experiencing difficulty with preparation of the transcript. This tardiness was not de minimis; it was extreme. And filing a required document over six months late is not substantial compliance, as the City argues. The trial court did not err by concluding that the City did not meet the procedural burden imposed by the Ordinance.

[7] Next, the City argues that because the Ordinance does not set forth a consequence for an untimely filing, there should be no consequence whatsoever. We disagree, as reading the Ordinance in this way would make the thirty-day requirement entirely superfluous.[2] Furthermore, it would enable the City to infinitely delay all petitions for judicial review of Merit Board decisions, which is a result not intended by the ordinance and which we cannot countenance. In our view, the absence of a prescribed consequence merely means that the consequence is left for the trial court to determine. For example, the trial court could order the City to pay the attorney fees of the petitioner for

---

[2] We also note our certainty that if Sergeant Bentley had filed his petition past the thirty-day deadline imposed by the Ordinance, the City would have sought dismissal even though the Ordinance does not specify a remedy for a petitioner's tardiness.

the period of delay. We acknowledge that striking the transcript is an extreme remedy. But as noted above, in this particular case, the City's delay was egregious. Therefore, we cannot say that the trial court erred by striking the transcript that was filed over six months after the deadline had passed.

[8] After the trial court struck the untimely filed transcript and the City's untimely filed summary judgment brief and designated evidence, it was left only with Sergeant Bentley's summary judgment motion and designated evidence. Sergeant Bentley still bore the burden, as the petitioner and summary judgment movant, of establishing that he was entitled to relief. Included among his designated evidence supporting summary judgment was Sergeant Bentley's verified petition for review of the Merit Board's decision. Appellant's App. p. 12. In this document, which was signed under oath by Sergeant Bentley and notarized, *id.* at 28, Sergeant Bentley stated that on February 10, 2014, the Merit Board adopted the recommendation that he be demoted from sergeant to patrolman, *id.* at 12. As noted above, the AOPA provides that an administrative decision shall be reversed if, among other things, it is unsupported by substantial evidence. I.C. § 4-21.5-5-14(d)(5). In this case, with no transcript and no evidence designated by the City in support of the demotion, there is *no* evidence supporting the demotion. Therefore, we find that the trial court did not err by finding that Sergeant Bentley had met his burden of establishing that he is entitled to relief as a matter of law and reversing the Merit Board's decision.

# III. Remedy

The City argues that even if the trial court properly reversed the Merit Board's determination, the trial court's remedy—ordering the reinstatement of Sergeant Bentley's former rank as well as back pay—was improper. According to the City, the only thing that the trial court was permitted to do was to remand to the Merit Board for a new hearing. Under the circumstances presented by this case, we disagree.

We acknowledge the cases cited by the City holding that, following a reversal of the decision of an administrative agency, the trial court was required to remand to the agency for reconsideration. Those cases, however, are readily distinguishable from the case before us. In *Hamilton County Department of Public Welfare v. Smith*, this Court affirmed the trial court's conclusion that the Department of Public Welfare had made an error of analysis in denying Smith welfare benefits. 567 N.E.2d 165, 170-71 (Ind. Ct. App. 1991). We found, however, that the appropriate remedy was to remand to the agency so that it could further consider Smith's application in light of this Court's analysis. *Id.*; *see also Ind. Alcoholic Beverage Comm'n v. Edwards*, 659 N.E.2d 631, 636 (Ind. Ct. App. 1995) (holding that the trial court had properly reversed the denial of an alcoholic beverage permit but had improperly ordered the permit awarded; instead, proper remedy was remand to agency for reconsideration in light of appellate opinion).

When an agency errs in its analysis, it makes sense to provide an opportunity for the agency to reconsider its decision by applying the correct analysis. Here, however, the trial court did not find that the Merit Board erred in its analysis. Instead, it found that there was no evidence supporting the Merit Board's decision. To remand to the Merit Board under these circumstances would, in essence, offer the City a chance of a second bite of the apple. Perhaps, the second time, it could manage to file its documents in a timely fashion. But to afford the City this chance would be unfair and would also render its own ordinance entirely meaningless. We do not believe that the City-County Council intended such a result when it passed the Ordinance, and we decline to read it in such a fashion. In this case, the only fair remedy is the one ordered by the trial court—reinstatement to the rank of sergeant and provision of back pay. In sum, we find no error in the remedy fashioned by the trial court.

The judgment of the trial court is affirmed.

Brown, J., concurs.
May, J., concurs in result with a separate opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

City of Indianapolis,
*Appellant-Defendant,*

v.

Bradford Bentley,
*Appellee-Plaintiff.*

Court of Appeals Case No.
49A05-1510-MI-1765

**May, Judge, concurring in result with opinion.**

[13]  I agree that we must affirm the trial court's decision to reinstate Officer Bentley with back pay because the City filed its transcript too late. However, I write separately to explain why I believe our resolution of this matter of first impression is correct.

[14]  The City cited two decisions in support of its argument the trial court's order of reinstatement with back pay was error: *Hamilton Cnty Dep't of Pub. Welfare v. Smith*, 567 N.E.2d 165, 171 (Ind. Ct. App. 1991), and *Ind. Alcoholic Beverage Comm'n v. Edwards*, 659 N.E.2d 631 (Ind. Ct. App. 1995). In *Smith*, we held:

> When a court determines that an administrative agency has made an error, the court may reverse the agency decision and remand for further consideration. The reviewing court is without power to compel any action by the administrative agency; the court only has the power to order the agency to rehear the case.

567 N.E.2d at 171 (internal citations omitted). That suggests the trial court did not have the authority to reinstate Bentley and order back pay. Rather, application of that holding would permit the trial court only to reverse the agency's decision and remand for further agency consideration.

[15] This rule was further explained in *Edwards*:

> The express intent of this part of the statute [the precursor to Ind. Code § 4-21.5-5-15] is to limit the reviewing court's authority to remand the case to the administrative agency for further proceedings after a proper determination that the agency's decision was contrary to law. If upon remand the agency unlawfully withholds or unreasonably delays the redetermination of the case, then the trial court may compel agency action by direct order. Otherwise the reviewing court does not have power to compel agency action as part of the initial review function. It may only remand the cause for rehearing.
>
> Remanding [the case] to the administrative body gives it an opportunity to correct the irregularities in its proceedings as determined by the court. At the same time it avoids the court's encroachment upon [the agency's] administrative functions. There is no more reason for assuming that the commission will disregard the law as fixed by this reviewing court than that a lower trial court will do so.

659 N.E.2d at 636 (internal citations omitted).

[16] The requirement a trial court remand an issue to an administrative agency in lieu of taking independent action is also found in federal law. *See Fed. Power Comm'n v. Transcon Gas Pipe Line Corp.*, 423 U.S. 326, 331 (1976) ("If the decision of the agency 'is not sustainable on the administrative record made, then the . . . decision must be vacated and the matter remanded . . . for further consideration.'").

[17] The majority finds *Smith* and *Edwards* "readily distinguishable" from the facts before us. (*Slip op*. at 9.) The majority correctly characterizes *Smith* and *Edwards* as applicable to scenarios when "an agency errs in its analysis," *id*. at 10. In this case, by contrast, the "trial court found that there was no evidence supporting the Merit Board's decision." *Id*. I do not disagree.

[18] As the majority notes, the ordinance imposing on the City the burden to produce the transcript provides:

> Any officer who disagrees with the findings of the merit board shall have the right to file a verified petition to the Superior or Circuit Court of Marion County for a review of the decision. The petition for review must be filed within thirty (30) calendar days after the written decision of the board. The City of Indianapolis shall be the sole defendant in the petition for review. Within thirty (30) calendar days after receipt of a summons, the city shall cause the merit board to file a true and complete copy of the transcript with the court. The court, without jury, shall review the record and render its decision as in other administrative reviews.

Indianapolis Code § 279-237(o). The language of the AOPA is different. *See* Ind. Code § 4-21.5-5-13(a) (requiring *petitioner* to file transcript of proceedings). Under AOPA, "[f]ailure to file the record within the time permitted by this subsection, including any extension period ordered by the court, is cause for dismissal of the petition[.]" Ind. Code § 4-21.5-5-13(b). The majority notes a similar sanction could be levied on the City for failure to file a transcript when it has the burden to do so. I agree.

[19] Prior to AOPA's enactment in 1986, Indiana law required the governmental body acting as defendant in the appeal of an administrative decision to file a transcript of the proceedings. Burns Indiana Statutes Annotated § 48-6105 (1951) provided: "Within ten (10) days after the service of summons [indicating an appeal from the board's decision] said board shall file in said court a full, true and complete transcript of all papers, entries and other parts of the record relating to such particular case."

[20] Our Indiana Supreme Court interpreted that language in *Hansen v. Town of Highland*, 237 Ind. 516, 524, 147 N.E.2d 221, 225 (1958). Hansen, a police officer and Town Marshal appointed by the outgoing town board appealed the newly elected board's decision to relieve him of his duties after the new board took office. Section 48-6105, which governed decisions by "boards of metropolitan police officers," *id*. at 522, 147 N.E.2d at 224, required the board to file a transcript within ten days of the date of Hansen's appeal. Though it is not entirely clear from the opinion, it seems that procedure was not followed. With regard to the city's failure to file a transcript, the Court held:

The duty is placed upon the city in this case to file the transcript - not the appellant [Hansen]. The city cannot take advantage of its own failure to follow a statutory proceeding in regard to dismissal. . . . A board or public body may not avoid the statutory obligation of furnishing a transcript in such cases by failing to file the same within the time directed by the statute, and thereby thwart an attempt to appeal from its decision.

*Id.* at 525, 147 N.E.2d at 226. Similarly, here, the City should not be able to thwart Bentley's attempt to appeal the Merit Board's decision by not filing the record of administrative proceedings.

[21] In *James v. Harvey*, 246 Neb. 329, 518 N.W.2d 150 (1994), the Supreme Court of Nebraska interpreted Neb. Rev. Stat. § 84-917(4), which, like the Indianapolis Ordinance, requires: "Within thirty days after service of the petition or within such further time as the court for good cause shown may allow, the agency shall prepare and transmit to the court a certified copy of the official record of the proceedings had before the agency."

[22] The facts of *James* are similar to those here: James appealed a Department of Social Services (DSS) decision to deny her benefits. The DSS was required to file the record of the proceedings within thirty days. It did not. Over three months later, the DSS filed a motion for extension of time, which the trial court granted. When the DSS did not file the record by the extended due date, James moved for default judgment. The trial court, in its function as reviewer of administrative decisions, reversed the DSS' decision and granted James' request for reimbursement of medical expenses.

[23] In upholding the trial court's decision, the Supreme Court of Nebraska stated:

> It is the duty of courts to prevent dilatory proceedings in the administration of justice. *Aetna Cas. & Surety Co. v. Dickinson*, 216 Neb. 660, 345 N.W.2d 8 (1984). In *Pressey v. State*, 173 Neb. 652, 114 N.W.2d 518 (1962), we recognized the inherent power of the court to dismiss an action for disobedience of a court order. However, in this situation it would be inequitable to dismiss the case because that would penalize James, the party seeking review of the agency's order. The district court stated at the hearing on James' motion to strike that this was the third or fourth case in the prior 3 months in which the filing of the transcript by DSS had been a problem. The court found that DSS' claim of an increased workload was not sufficient for the court to make a finding that good cause had been shown for an extension.

> The transcript consisted of 23 pages of testimony and 21 exhibits which total less than 50 pages. DSS provided no rational explanation as to why it would take more than 3 months to produce the transcript. As the court noted, a sanction which would require DSS to pay the costs of preparing the transcript would serve no purpose because the agency's employees prepare the transcript and because James was proceeding *in forma pauperis*. The court determined that the only sanction which would send a message to DSS concerning its dilatory practice was to reverse the agency's order.

*James*, 246 Neb. at 333-34, 518 N.W.2d at 153.

[24] I believe the *James* reasoning supports our departure from the general rule that the trial court is required to remand a matter to the administrative agency on finding the administrative agency's decision was not supported by sufficient evidence or was contrary to law. Instead, when the governmental agency

acting as the defendant does not do what it is required by law to do when an individual appeals an administrative board decision, the trial court should have authority to levy appropriate sanctions, including ordering entry of a result opposite that reached by the administrative board. Therefore, I respectfully concur in result.