*1169 MAY, Judge,
concurring in result with opinion.
[13] I agree that we must affirm the trial court’s decision to reinstate Officer Bentley with back pay because the City filed its transcript too late. However, I write separately to explain why I believe our resolution of this matter of first impression is correct.
[14] The City cited two decisions in support of its argument the trial court’s order of reinstatement with back pay was error: Hamilton Cnty. Dep’t of Pub. Welfare v. Smith, 567 N.E.2d 165, 171 (Ind.Ct.App.1991), and Ind. Alcoholic Beverage Comm’n v. Eduards, 659 N.E.2d 631 (Ind.Ct.App.1995). In Smith, we held:
When a court determines that an administrative agency has made an error, the court may reverse the agency decision and remand for further consideration. The reviewing court is without power to compel any action by the administrative agency; the court only has the power to order the agency to rehear the case.
567 N.E.2d at 171 (internal citations omitted). That suggests the trial court did riot have the authority to reinstate Bentley and order back pay. Rather, application of that holding would permit the trial court only to reverse the agency’s decision and remand for further agency consideration.
[15] This rule was further explained in Edwards:
The express intent of this part of the statute [the precursor to Ind. Code § 4-21.5-5-15] is to limit the reviewing court’s authority to remand the case to the administrative agency for further proceedings after a proper determination that the agency’s decision was contrary to law. If upon remand the agency unlawfully withholds or unreasonably delays the redetermination of the case, then the trial court may compel agency action by direct order. Otherwise the reviewing court does not have power to compel agency action as part of the initial review function. It may only remand the cause for rehearing.
Remanding [the case] to the administrative body gives it an opportunity to correct the irregularities in its proceedirigs as determined by the 'court. ' At the sanie time it avoids the court’s encroachment upon [the agency’s] administrative functions. There is no more reason for assuming that the commission will disregard the law as fixed by this reviewing court than that a lower trial court will do so.
659 N.E.2d at 636 (internal citations omitted).
[16] The requirement a trial court remand an issue to an administrative agency in lieu of taking independent action is also found in federal law. See Fed. Power Comm’n v. Transcan Gas Pipe Line Carp., 423 U.S. 326, 331, 96 S.Ct. 579, 46 L.Ed.2d 533 (1976) (“If the decision of the agency ‘is not sustainable on the administrative record made, then the ... decision must be vacated and the matter remanded ... for further consideration.’ ”).
[17] The majority finds Smith and Edwards “readily distinguishable” from the facts before us. (Op. at 1168.) The majority correctly characterizes Smith and Edwards as applicable to scenarios when “an agency errs in its analysis,” id. at 1168. In this case, by contrast, the “trial court found that there was no evidence supporting the Merit Board’s decision.” Id. I do not disagree.
[18] As .the majority notes, the ordinance imposing on the City the burden to produce the transcript provides:
Any officer who disagrees with the findings of the merit board shall have the right to file a verified petition to the Superior or Circuit Court of Marion *1170 County for a review of the decision. The ■ petition for review must be filed within thirty (80) calendar days after the written decision of the board. The City of Indianapolis shall be the sole defendant in the petition for review. Within .thirty (30) calendar days after receipt of a summons, the city shall cause the merit board, to file a true and complete copy of the transcript with the court. The court, without jury, shall review the record and render its decision as in other administrative reviews.
Indianapolis Code § 279-237(o). The language of the AOPA is different. See Ind. Code § 4-21.5-5-13(a) (requiring petitioner to file transcript of proceedings). Under AOPA, “[fjailure to file the record within the time permitted by this subsection, including any extension period ordered by the court, is cause for dismissal of the petition!).]” Ind.Code § 4-21.5-5-13(b). The majority notes a similar sanction could be levied on the City for failure to file a transcript when it has the burden to do so. I agree.
[19] Prior to AOPA’s enactment in 1986, Indiana law required the governmental body acting as defendant in the appeal of an administrative decision to file a transcript of the proceedings. Burns Indiana Statutes Annotated § 48-6105 (1951) provided: “Within ten (10) days after the service of summons [indicating an appeal from the board’s decision] said board shall file in said court a full, true and complete transcript of all papers, entries and other parts of the record relating to such particular case.”
[20] Our Indiana Supreme Court interpreted that language in Hansen v. Town of Highland, 237 Ind. 516, 524, 147 N.E.2d 221, 225 (1958). Hansen, a police officer and Town Marshal appointed by the outgoing town board appealed the newly elected board’s decision to relieve him of his duties after the new board took office. Section 48-6105, which governed decisions by “boards, of metropolitan police officers,” id. at 522, 147 N.E.2d at 224, required the board to file a transcript within ten days of the date of Hansen’s appeal. .Though it is not entirely clear from the opinion, it seems that procedure was not followed. With regard to the city’s failure to file a transcript, the Court held:
The duty is placed upon the city in this case to file the transcript-not the appellant [Hansen]. The city cannot take advantage of its own failure to follow a statutory proceeding in regard to dismissal. ... A board or public body may not avoid the statutory obligation of furnishing a transcript in such cases by failing to file the same within the time directed by the statute, and thereby thwart an attempt to appeal from its decision.
Id. at 525, 147 N.E.2d at 226. Similarly, here, the City should not be able to thwart Bentley’s attempt to appeal the Merit Board’s decision by not filing the record of administrative proceedings.
[21] In James v. Harvey, 246 Neb. 329, 518 N.W.2d 150 (1994), the Supreme Court of Nebraska interpreted Neb.Rev.Stat. § 84-917(4), which, like the Indianapolis Ordinance, requires: “Within thirty days after service of the petition or within such further time as the court for good cause shown may allow, the agency shall prepare and transmit to the court a certified copy of the official record of the proceedings had before the agency.”
[22] The facts of James are similar to those here: James appealed a Department of Social Services (DSS) decision to deny her benefits. The DSS was required to file the record of the proceedings within thirty days. It did not. Over three months later, the DSS filed a motion for extension of time, which the trial court *1171 granted. When the DSS did not file the record by the extended due date, James moved for default judgment. The trial court, in its function as reviewer of administrative decisions, reversed the DSS’ decision and granted James’ request for reimbursement of medical expenses.
[23] In upholding the trial court’s decision, the Supreme Court of Nebraska stated:
It is the duty of courts to prevent dilatory proceedings in the administration of justice. Aetna Cas. & Surety Co. v. Dickinson, 216 Neb. 660, 345 N.W.2d 8 (1984). In Pressey v. State, 173 Neb. 652, 114 N.W.2d 518 (1962), we recognized the inherent power of the court to dismiss an action for disobedience of a court order. However, in this situation it would be inequitable to dismiss the case because that would penalize James, the party seeking review of the agency’s order. The district court stated at the hearing on James’ motion to strike that this was the third or fourth case in the prior 3 months in which the filing of the transcript by DSS had been a problem. The court found that DSS’ claim of an increased workload was not sufficient for the court to make a finding that good cause had been shown for an extension. The transcript consisted of 23 páges of testimony and' 21' exhibits which total less than 50 pages. ■ DSS provided no rational explanation as to why it would take more than 3 months to produce the transcript. As the court noted, a sanction which would require DSS to pay the costs of preparing the transcript would serve no purpose because the agency’s employees prepare the transcript and because James was proceeding informa .pauperis. The court determined that the only sanction which would send a message to DSS concerning its dilatory practice was to reverse the agency’s order.
James, 246 Neb. at 333-34, 518 N.W.2d at 153.
[24] I believe the James reasoning supports our departure from the general rule that the trial court is required to remand a matter to the administrative agency on finding the administrative agency’s decision was not supported by sufficient evidence or was contrary to law. ' Instead, when the governmental agency acting as the defendant does not do what it is required by law to do when an individual appeals an administrative board decision, the trial court should have authority to levy appropriate sanctions, including ordering entry of a result opposite that reached by the administrative board. Therefore, I respectfully concur in result.